# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-50165
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2017

Lyle W. Cayce
Clerk

LOWELL QUINCY GREEN,

Plaintiff-Appellant

v.

STATE OF TEXAS GOVERNMENT; ABELINO REYNA, District Attorney of
McLennan, Waco, TX; BRANDON DERRELL LUCE; LAWRENCE E.
JOHNSON; LANDON RAMSEY,

Defendants-Appellees

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:16-CV-424

———————————

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Lowell Quincy Green, Texas prisoner # 518622, was convicted in Texas
of aggravated robbery and is currently serving a sentence of life imprisonment.
Proceeding pro se and in forma pauperis, he filed a complaint pursuant to 42
U.S.C. § 1983, alleging violations of his civil rights against Abelino Reyna,
Brandon Derrell Luce, and Landon Ramsey, state prosecutors involved in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-50165

Green's underlying criminal proceeding, and Lawrence Johnson, his court-appointed attorney in the underlying criminal proceeding.  Specifically, Green's complaint alleged that the prosecutors withheld exculpatory evidence, disobeyed discovery orders, fabricated evidence, charged him without probable cause pursuant to a defective and constitutionally deficient indictment, and committed prosecutorial misconduct.  As to Johnson, Green alleged that he received ineffective assistance of counsel because Johnson failed to object to the purportedly defective indictment, failed to conduct an adequate investigation of his case, and failed to object to the jury's verdict or move for an acquittal.

Now, Green appeals the district court's dismissal of his complaint as frivolous.  A complaint is frivolous if it has no "arguable basis in fact or law." *Morris v. McAllester*, 702 F.3d 187, 189 (5th Cir. 2012).  We review the dismissal of an IFP complaint as frivolous for abuse of discretion.  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

First, we conclude that Green's claims against prosecutors Reyna, Luce, and Ramsey in their official capacities are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997).  We further conclude that Green's individual capacity claims against Reyna, Luce, and Ramsey are barred by absolute prosecutorial immunity.  *See Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).  Green's allegations against Reyna, Luce, and Ramsey concern actions that fall within the scope of prosecutorial immunity.  *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994).  Thus, Green's claims against Reyna, Luce, and Ramsey are barred by the immunity doctrines.

Next, we hold that Green's claims against Johnson fail because Green's allegations do not establish that Johnson was acting under color of state law.

No. 17-50165

*Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010); *see Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981).  Furthermore, Green's allegations do not establish that Johnson conspired with any state official to deprive Green of a constitutional right in his criminal case.  *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).  Thus, the district court correctly concluded that Green failed to assert a cognizable claim against Johnson under § 1983.

To the extent that Green raises claims that challenge the validity of his conviction, they are not cognizable under § 1983, because he has failed to demonstrate that the validity of his conviction has been called into question. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Green's claims that seek to contest the fact and duration of his confinement are not cognizable under § 1983.  *See Wilkerson v. Dotson*, 544 U.S. 74, 78-79, 81-82 (2005).

Based on the foregoing, Green's appeal is without arguable merit and is dismissed as frivolous.  The dismissal of this appeal as frivolous and the district court's dismissal of Green's complaint as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Green is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Green's motions for leave to file a supplemental brief and for a writ of error coram nobis are denied.

APPEAL DISMISSED AS FRIVOLOUS; MOTIONS DENIED; SANCTION WARNING ISSUED.