Kevin Jewell, Justice
Appellant Lori Elise Cooper was convicted of murdering her father. While serving a sixty-year sentence for the murder, Cooper filed a civil lawsuit against appellee Michael E. Trent, the assistant district attorney who prosecuted her. In short, Cooper alleged that Trent induced a witness to testify falsely during the criminal trial that Cooper had solicited the witness to kill her father. Cooper asserted various tort claims and sought money damages from Trent. The trial court dismissed Cooper's lawsuit under Texas Rule of Civil Procedure 91a, which permits summary dismissal if the claims pleaded have no basis in law or fact. Tex. R. Civ. P. 91a.
At issue in this appeal is whether a person convicted of a crime may recover civil damages from the prosecutor-based on the prosecutor's allegedly tortious conduct occurring during the criminal proceedings-when the conviction has not been reversed or invalidated. We conclude that Cooper's factual allegations, if true, and her claims, if successful, would necessarily imply the invalidity of her conviction. For that reason, and because Cooper's conviction has not been overturned or otherwise invalidated by a court, her allegations and claims are not cognizable and do not entitle her to the relief sought. As Cooper's claims lack basis in law, the trial court did not err in granting Trent's Rule 91a motion to dismiss, and we affirm.
Background
A. Criminal Proceedings against Cooper
A Harris County jury convicted Cooper of murdering her father. Cooper appealed the judgment. See Cooper v. State , No. 01-05-00764-CR, 2006 WL 2974366 (Tex. App.-Houston [1st Dist.] Oct. 19, 2006, pet. ref'd) (mem. op.) (not designated for publication). During the criminal trial, Cooper's friend, Kelton Yates, testified that Cooper offered $5,000 to Yates and his acquaintance, Kiondrix Smith, to kill Cooper's father. Id. at *1. Yates subsequently stabbed Cooper's father with a knife, causing his death.[1] Id. at *2. In addition to Yates's accomplice testimony, the State presented testimony from a number of non-accomplice witnesses, each of whom testified that Cooper had asked them to kill Cooper's father. Id. at *1. All *328 declined. Id. After a jury found Cooper guilty of murder, she was sentenced to sixty years' confinement. Id.
On direct appeal of her conviction, Cooper, among other arguments, contested her connection to her father's murder by challenging the legal sufficiency of the non-accomplice witness evidence.[2] Id. at *3-5. The First Court of Appeals affirmed Cooper's conviction in 2006, id. at *1, and the Court of Criminal Appeals refused Cooper's petition for discretionary review. To our knowledge, and as Cooper's counsel confirmed at oral submission, Cooper has not filed any habeas corpus proceedings challenging her conviction.
B. Cooper's Civil Lawsuit
In August 2016, approximately ten years after the court of appeals affirmed her conviction, Cooper initiated the civil lawsuit presently before us. As the factual basis for her suit, Cooper alleged that Trent, in preparing for Cooper's trial, made false statements to a district court to obtain a writ permitting Yates's transfer from state prison to the Harris County jail.[3] There, in "woodshedding" sessions, Trent promised Yates a sentence reduction if Yates would provide false testimony to the effect that he killed Cooper's father because Cooper promised to pay him $5,000.
As alleged in Cooper's amended petition, Yates agreed with Trent's proposal. In an affidavit attached to Cooper's amended petition, Yates stated under oath that Trent offered to have Yates's sentence reduced from sixty to twenty years if Yates would testify in Cooper's trial that Yates killed Cooper's father because Cooper "manipulated him and offered him $5,000." Further, Yates testified in his affidavit that he agreed to help Trent even though it was a "lie" that Cooper ever asked Yates to kill her father. According to Cooper, she denies "that she was guilty of participating in, or procuring the murder of her father," and Yates attested that Cooper "was actually innocent, and had no involvement in her father's death."
Based on these allegations, Cooper pleaded claims against Trent for abuse of process, intentional infliction of emotional distress, civil conspiracy (between Trent and Yates) to develop false testimony, and, as Cooper construes her pleading, fraudulent concealment. She also alleged that the statute of limitations was tolled because Trent fraudulently concealed "the facts necessary for ... Cooper to know that she had causes of action" against Trent. One alleged fact common to all of Cooper's pleaded claims is that Yates's testimony that Cooper participated in her father's murder was false. Cooper sought damages for injury to reputation, physical pain and suffering, severe mental and emotional anguish, anxiety and distress, and lost income-all of which Cooper alleged occurred as a proximate result of Trent's tortious conduct. She also requested attorney's fees and exemplary damages. Cooper expressly denied seeking "a determination of her innocence, or an Order of this Court overturning her conviction based upon her actual innocence."
Trent filed a motion to dismiss all of Cooper's claims under Rule 91a.[4] In sum, *329 Trent argued that the civil recovery Cooper seeks is foreclosed for two broad reasons: public policy and collateral estoppel. Under the public policy argument, Trent argued, among other things, that Cooper's claims have no basis in law or fact because they are based on an allegedly wrongful conviction and Cooper cannot recover civil damages unless and until she successfully challenges her conviction. According to Trent, all of Cooper's factual allegations, if true, would undermine the validity of her conviction. Trent's amended motion to dismiss cited authority such as Peeler v. Hughes & Luce , 909 S.W.2d 494, 496 (Tex. 1995), and our decision in Gentry v. Houston Police Dep't , No. 14-08-01094-CV, 2009 WL 10453387 (Tex. App.-Houston [14th Dist.] July 16, 2009, no pet.) (mem. op.).
Under the collateral estoppel ground, Trent argued that Cooper's claims have no basis in law or fact because she cannot use a civil proceeding to collaterally attack her conviction. The trial court granted Trent's amended motion and dismissed the lawsuit. Cooper appeals.
Standard of Review
Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. As specified in the rule, a cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Id. A cause of action has no basis in fact if "no reasonable person could believe the facts pleaded." Id. A motion to dismiss must identify each cause of action to which it is addressed and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. Tex. R. Civ. P. 91a.2.
We review de novo whether a cause of action has any basis in law or in fact. City of Dallas v. Sanchez , 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (quoting Tex. R. Civ. P. 91a.6); see also Tony's Barbeque & Steakhouse, Inc. v. Three Points Invs., Ltd. , 527 S.W.3d 686, 695 (Tex. App.-Houston [14th Dist.] 2017, no pet.). We look solely to the pleading and any attachments to determine whether the dismissal standard is satisfied. Estate of Savana , 529 S.W.3d 587, 592 (Tex. App.-Houston [14th Dist.] 2017, no pet.) ; Wooley v. Schaffer , 447 S.W.3d 71, 76 (Tex. App.-Houston [14th Dist.] 2014, pet. denied). To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. Wooley , 447 S.W.3d at 76. In doing so, we apply the fair-notice standard of pleading. Id.
The dismissal order does not specify the grounds on which the court based its ruling. However, the trial court signed amended conclusions of law, which state, in full:
1. Lori Cooper's causes of action have no basis in law or in fact because her claims, taken as true, together with inferences reasonably drawn from them, do not entitle her to the relief she seeks.
2. Lori Cooper is estopped from filing suit against Michael Trent because her claims are based on factual allegations that are inconsistent with her judgment of conviction for murder in the 179th District Court and with the factual findings of the First Court of Appeals in Cooper v. State , Cause No. 01-05-00764-CR, 2006 WL 2974366 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd).
3. Public policy forecloses ... Cooper, as a convicted individual, from seeking civil recovery for being wrongfully *330 convicted unless and until she is exonerated. Because Cooper has not been exonerated, she cannot bring suit against Trent based on facts alleging that she was wrongfully convicted.
We review a trial court's conclusions of law drawn from the facts de novo to determine their correctness. BH Contractors, LLC v. Helix Energy Sols. Grp., Inc. , No. 14-15-01035-CV, 2017 WL 3611887, at *2 (Tex. App.-Houston [14th Dist.] Aug. 22, 2017, pet. filed) (mem. op.).
Analysis
A. Rule 91a Specificity Requirements
Cooper argues first that Trent's motion to dismiss lacked the specificity required by Rule 91a. Under Rule 91a, "[a] motion to dismiss ... must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2.
Cooper concedes that Trent's Rule 91a motion expressly referenced Cooper's causes of action for abuse of process, intentional infliction of emotional distress, and civil conspiracy to develop false testimony. Cooper argues, however, that Trent's motion did not state specifically the reasons her causes of action have no basis in law under those claims.[5] Cooper insists that Trent's failure to state specifically "how and why his two alleged defenses bar Cooper's causes of action" is fatal to the motion. Trent responds that he complied with the specificity requirement of Rule 91a in stating that he sought dismissal of all of Cooper's claims on the grounds stated in the motion. We conclude that Trent's motion does not fail for lack of specificity.
As we stated in Wooley , "[a]lthough a motion to dismiss under Rule 91a must state specifically the reasons the cause of action has no basis in law, fact, or both, we do not construe the rule to require magic words to invoke these grounds if the arguments are clear from the motion." Wooley , 447 S.W.3d at 77 n.12. In that case, Wooley was an inmate who brought claims in a civil lawsuit against his attorney whom he hired to seek habeas relief. Id. at 72-73. Wooley's lawyer did not specify whether his Rule 91a motion was based on the grounds that Wooley's causes of action had no basis in law, fact, or both. Id. at 77 n.12. However, the lawyer argued that Wooley could not assert his claims unless he first showed exoneration, which we construed to mean that Wooley's causes of action had no basis in law or fact. Id. We concluded the causes of action "ha[d] no basis in law because they [were] barred unless Wooley had been exonerated [and t]hey ha[d] no basis in fact because no reasonable person could believe, based on the allegations in the petition, that Wooley had been exonerated." Id.
Here, Trent argued that none of Cooper's causes of action had any basis in law or fact because all of the claims, if true, would undermine the validity of Cooper's criminal conviction. According to Trent, any recovery by Cooper was foreclosed unless she first successfully challenged her conviction. Trent cited and discussed pertinent authority supporting his position, including Gentry . This sufficiently identified the reasons behind Trent's contention that the causes of action had no basis in law or fact. See ids="6902234" index="18" url="https://cite.case.law/sw3d/447/71/#p76">id. Cooper filed a response, the *331 substance of which reveals she comprehended the asserted grounds for dismissal.
A fair reading of the motion also establishes that Trent challenged all of Cooper's causes of action: "Pursuant to Texas Rule of Civil Procedure 91a, Michael Trent moves to dismiss all of Cooper's claims against him[.]" As discussed in Wooley , there is no requirement for "magic words." Id. At issue is whether the grounds for dismissal are clear from the motion. Id. Here, Trent's arguments applied to each cause of action Cooper asserted in her amended pleading. Cooper has not explained how an effort by Trent to copy the entirety of his arguments and duplicate them into discrete sections of his motion under separate subheadings pertaining to each enumerated cause of action would better inform Cooper of the bases upon which Trent sought dismissal. It would merely triple the length of his motion without adding substance.
Trent's amended motion was sufficiently specific as to Cooper's fraudulent concealment allegations as well. Trent points out that fraudulent concealment is not an independent cause of action. See Mayes v. Stewart , 11 S.W.3d 440, 452 (Tex. App.-Houston [14th Dist.] 2000, pet. denied) ("Fraudulent concealment is an affirmative defense to the statute of limitations. It is not an independent cause of action."). But Cooper contends that she has alleged fraudulent concealment, also referred to as fraud by nondisclosure or fraud by omission, as an independent cause of action as well as an affirmative defense. See Schlumberger Tech. Corp. v. Swanson , 959 S.W.2d 171, 181 (Tex. 1997) (recognizing fraud by nondisclosure as a subcategory of fraud). Trent moved to dismiss on the basis that all of Cooper's claims are barred as a matter of law because Cooper has not been exonerated.
We conclude that Trent sufficiently identified the reasons he contended Cooper's causes of action had no basis in law or fact; Trent was not required to list separately each cause of action in the Rule 91a motion because he challenged their collective viability on the basis that, if true, they would undermine the validity of Cooper's criminal conviction. Thus, the motion does not fail for lack of specificity. We overrule Cooper's first issue.
B. Whether Cooper's Claims Have a Basis in Law or Fact
In her second and fifth issues, Cooper contends that public policy does not bar her claims against Trent. In her third and fourth issues, she contends that her claims are not barred by collateral estoppel. Trent argues Cooper's claims lack any basis in law or fact because the claims, if true, would undermine the validity of Cooper's criminal conviction.
We construe the court's order as dismissing the lawsuit because it held Cooper's claims have no basis in law, as opposed to no basis in fact.[6] Therefore, we consider whether the allegations, taken as true, together with inferences reasonably drawn from them, legally entitle Cooper to the relief sought. See Tex. R. Civ. P. 91a.1.
The crux of Cooper's suit is that Trent pressured Yates to testify falsely that Cooper participated in her father's murder. The parties do not cite, and we have not found, a published Texas case involving claims like Cooper's asserted against a prosecutor. The Supreme Court of the United States, however, has considered the availability of civil damages for an inmate *332 plaintiff who brought a section 1983 action alleging prosecutors violated his constitutional rights when he was criminally convicted. Heck v. Humphrey , 512 U.S. 477, 479, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Heck alleged that the prosecutors and a police investigator "engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to [Heck's] arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [his] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at [his] trial." Id.
The Heck court analogized the plaintiff's section 1983 claims to the common-law tort of malicious prosecution because that tort permits damages for confinement imposed pursuant to a legal process. Id. at 484, 114 S.Ct. 2364. To be successful, a person alleging malicious prosecution must show there was a termination of the prior criminal proceeding in favor of the accused. Id. This requirement, the court noted, advances the "strong judicial policy against the creation of two conflicting resolutions" arising from the same transaction because it precludes the potential for success in a civil suit after conviction in a criminal proceeding. Id. Prohibiting such claims also guards against attempted collateral attacks on convictions via civil suits. Id.
Having embraced the "hoary principle" that civil tort actions are inappropriate vehicles for challenging criminal judgments, the Heck court applied that principle to section 1983 damage actions that necessarily require the plaintiff to prove the unlawfulness of a conviction or confinement. Id. at 486, 114 S.Ct. 2364. Thus, the court held that to recover money damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," an inmate must prove that her conviction or sentence has been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a writ of habeas corpus. Id. at 486-87, 114 S.Ct. 2364. Tort claims, the success of which would imply the invalidity of the plaintiff's conviction, are not cognizable and must be dismissed. Id. at 487, 114 S.Ct. 2364.
We applied Heck 's reasoning to reject an inmate's tort claims against the Houston Police Department and Harris County officials in Gentry. Gentry , 2009 WL 10453387, at *2-3. There, an inmate sued the Houston Police Department, Harris County, and the "Chief Medical Examiner." Id. at *1. We noted that some of the plaintiff's claims were unclear, but they included perjury, breach of duty of care, violation of Texas and United States Constitutions, denial of equal protection of the law, illegal manufacturing of the indictment, racial profiling, entrapment, denial of the right to an examining trial before indictment, and concealment of evidence. Id. We concluded that all of the claims "focus[ed] on [the inmate's] indictment and circumstances leading to his final conviction." Id. at *2. We held that when "a conviction has not been overturned, a criminal defendant cannot recover damages resulting from his conviction" because "[a]ll of the claims ... if true, would undermine the validity of [the] criminal conviction." Id. at *2-3 (citing Heck , 512 U.S. at 486-87, 114 S.Ct. 2364 ). Accordingly, we affirmed the trial court's dismissal of the claims as frivolous, concluding "unless [an inmate] has proved his conviction has been overturned in some manner, a civil district court is not the proper forum for his complaints and damages are not warranted." Id. at *3.
The Second Court of Appeals applied Heck to an inmate's tort lawsuit against a judge and court reporter for allegedly committing fraud by altering the reporter's record of his criminal trial. Powell v. Wilson , No. 02-16-00023-CV, 2016 WL 3960590, at *1, 3 (Tex. App.-Fort Worth July 21, 2016, pet. denied)
*333 (mem. op.). Until the plaintiff's criminal conviction was invalidated, the court stated, "Powell's claims are not legally cognizable." Id. The court affirmed dismissal of the plaintiff's claims.
Although we have not found any Texas cases involving tort claims for damages brought by an inmate against a prosecutor, both the U.S. Court of Appeals for the Fifth Circuit and numerous district courts within its jurisdiction have applied Heck's analysis to bar such lawsuits when the alleged harm was caused by actions whose unlawfulness would imply a conviction's invalidity unless the challenged conviction has been reversed or otherwise overturned. See , e.g. , Green v. Tex. Gov't , 704 Fed.Appx. 386, 386-87 (5th Cir. 2017) (alleging "prosecutors withheld exculpatory evidence, disobeyed discovery orders, fabricated evidence, charged [plaintiff] without probable cause pursuant to a defective and constitutionally deficient indictment, and committed prosecutorial misconduct"); Comeaux v. Texas , No. CV H-18-0187, 2018 WL 705556, at *1-2 (S.D. Tex. Feb. 2, 2018) (alleging false or fraudulent indictment was used to obtain conviction); Lewis v. Quisenberry , No. 4:17-CV-1022-A, 2017 WL 6729184, at *1-2 (N.D. Tex. Dec. 28, 2017) (alleging prosecutor "knowingly and willingly allowed purgery [sic] to be counted as evidence" during trial for traffic violation); Young v. Crane , No. A-17-CA-628-SS, 2017 WL 3499934, at *1, 3-4 (W.D. Tex. Aug. 16, 2017) (alleging prosecutor never forwarded plaintiff's writ of habeas corpus to Court of Criminal Appeals and seeking damages for wrongful incarceration); Matthews v. City of Tyler, Texas , No. 6:15CV954, 2015 WL 10153135, at *1 (E.D. Tex. Nov. 20, 2015), report and recommendation adopted , No. 6:15CV954, 2016 WL 633943 (E.D. Tex. Feb. 17, 2016) (alleging prosecutor and others violated inmate's constitutional rights and sentence was unlawful).
As we did in Gentry regarding an inmate's claims against the Houston Police Department, Harris County, and a county official, we again adhere to Heck's reasoning as to Cooper's claims against the assistant district attorney who prosecuted her. To determine whether Cooper's allegations, if true, would imply the invalidity of her conviction for murder, we first look to the elements of the offense. A person commits murder if that person (1) intentionally or knowingly causes the death of an individual or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. Tex. Penal Code § 19.02(b). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, she solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Id. § 7.02(a)(2); Cooper , 2006 WL 2974366, at *3.
Liberally construing Cooper's live pleading, we conclude Cooper asserts causes of action for abuse of process, intentional infliction of emotional distress, conspiracy to develop false testimony, and "fraudulent concealment." We examine the elements of each cause of action to determine whether success on each would undermine or imply the invalidity of Cooper's murder conviction.
We have recognized three elements to establish the tort of abuse of process: (1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the *334 process; and (3) damage to the plaintiff as a result of such illegal act. RRR Farms, Ltd. v. Am. Horse Prot. Ass'n , 957 S.W.2d 121, 133 (Tex. App.-Houston [14th Dist.] 1997, pet. denied) ; Bossin v. Towber , 894 S.W.2d 25, 33 (Tex. App.-Houston [14th Dist.] 1994, writ denied). Cooper alleges that Trent abused process by obtaining a writ to have Yates transferred to the Harris County jail before Cooper's trial. Assuming for argument's sake that Cooper has standing to assert an abuse of process against another person, Yates, Cooper's allegations depend upon the proposition that Trent made an illegal, improper, or perverted use of process in furtherance of his effort to create false testimony that Cooper participated in her father's murder.[7] If these facts are true, they would necessarily imply the invalidity of Cooper's conviction. See Heck , 512 U.S. at 486 n.5, 487, 114 S.Ct. 2364 (noting "one could no more seek compensatory damages for an outstanding criminal conviction in an action for abuse of process than in one for malicious prosecution"); see also Gentry , 2009 WL 10453387, at *3. This is so because the jury found that Cooper, with the requisite intent, solicited, encouraged, directed, aided, or attempted to aid Yates in stabbing and killing Cooper's father. Yates, not Cooper, stabbed Cooper's father to death. If it were true that, as Yates now attests, Cooper did not ask Yates to kill her father or offer him money to do so and had "no involvement" in her father's death, then Cooper would not be criminally responsible for Yates's conduct in committing the offense of murder. See Tex. Penal Code §§ 7.02(a)(2), 19.02(b). Cooper asked others besides Yates to kill her father, but all the other potential accomplices declined to assist. See Cooper , 2006 WL 2974366, at *1.
As to intentional infliction of emotional distress, Cooper would be required to show four elements: (1) the defendant acted intentionally or recklessly; (2) his conduct was extreme and outrageous; (3) his actions caused the plaintiff emotional distress; and (4) the emotional distress was severe. Hersh v. Tatum , 526 S.W.3d 462, 468 (Tex. 2017). As alleged in Cooper's amended petition, Trent's conduct in creating false testimony that Cooper participated in her father's murder forms the factual basis of her intentional infliction of emotional distress claim. She alleges that Trent's conduct in that regard was intentional or reckless as well as extreme and outrageous. An affirmative finding on those elements depends on Cooper persuading a civil factfinder that she did not participate in her father's murder, which would conflict with the verdict and judgment in Cooper's criminal trial. Moreover, any emotional distress Cooper experienced necessarily results from her confinement and criminal conviction.[8] Here again, a *335 finding in favor of Cooper as to an intentional infliction of emotional distress claim would undermine the validity of her conviction. See Matthews , 2015 WL 10153135, at *1-2 (applying Heck to inmate claims of violations of his constitutional rights, unlawful sentence and custody, loss of personal liberty, and intentional infliction of emotional distress).
According to Cooper, she also asserts an independent cause of action for fraudulent concealment. But fraudulent concealment is an affirmative defense to the statute of limitations; it is not an independent cause of action. See Mayes , 11 S.W.3d at 452. Again mindful of our obligation to interpret her pleading liberally, we construe her claim as one akin to fraud by omission or fraud by nondisclosure. To establish fraud by nondisclosure, Cooper would be required to show, among other things, that Trent failed to disclose material facts to Cooper, Trent had a duty to disclose those facts, Cooper did not have an equal opportunity to discover the facts, and Cooper was injured. See Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC , 324 S.W.3d 840, 850 (Tex. App.-Houston [14th Dist.] 2010, no pet.) (listing elements of fraud by nondisclosure). Cooper alleges that Trent concealed material facts necessary for Cooper to know about Trent's and Yates's actions in concocting false testimony that Cooper participated in her father's murder. As with Cooper's abuse of process claim, if these facts are true, they similarly would imply the invalidity of her conviction. See Heck , 512 U.S. at 486-87, 114 S.Ct. 2364 ; Powell , 2016 WL 3960590, at *1, 3 (affirming dismissal under Heck reasoning when inmate alleged intentional "manufacture of evidence"); Gentry , 2009 WL 10453387, at *1-3 (upholding dismissal of suit when inmate alleged "breach of duty of care," "manufacturing of indictment," and "concealment of evidence.").
Civil conspiracy is a vehicle to secure joint and several liability against a member of a conspiracy for the harm caused by any one member of the conspiracy. See Energy Maint. Servs. Grp. I, LLC v. Sandt , 401 S.W.3d 204, 220 (Tex. App.-Houston [14th Dist.] 2012, pet. denied). Defined as a combination of two or more persons to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means, civil conspiracy is not a "stand alone" tort but rather derives from independent, underlying tortious conduct. Tilton v. Marshall , 925 S.W.2d 672, 681 (Tex. 1996). In other words, a defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. Id. Accordingly, we need not analyze this claim separately from the underlying alleged torts of abuse of process, intentional infliction of emotional distress, and fraud by nondisclosure, because we conclude that Cooper's claims involving those torts have no basis in law. See id. If those causes of action provide no foundation for Cooper's suit, neither does a civil conspiracy allegation.
In sum, the facts Cooper seeks to litigate with respect to her tort claims are facts essential to her criminal conviction: that she participated in her father's murder by soliciting Yates to kill her father. Tex. Penal Code § 19.02(b) ; Cooper , 2006 WL 2974366, at *3 ; see also Tex. Penal Code § 7.02(a)(2) ("A person is criminally responsible for an offense committed by the conduct of another if[,] acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, *336 aids, or attempts to aid the other person to commit the offense."). On direct appeal of her criminal conviction, Cooper challenged the evidence connecting her to the murder of her father, but the court of appeals affirmed her conviction. See Cooper 2006 WL 2974366, at *3. By her civil suit, Cooper continues to deny guilt for the crime; she also seeks to prove to a factfinder that Yates's testimony was false and, ergo, that she did not participate in her father's murder. That issue was decided against her in the criminal action when the criminal jury found Cooper criminally responsible for Yates's conduct.
Allowing Cooper to proceed with her civil tort claims without first requiring her to prove that her conviction has been reversed, invalidated, expunged, or called into question by habeas proceedings would result, potentially but unacceptably, in "two conflicting resolutions arising out of the same or identical transaction." Heck , 512 U.S. at 484, 486-87, 114 S.Ct. 2364. Neither would Cooper's position, were we to embrace it, promise long-term and efficient administration of justice as to inmate litigation. Those convicted of a crime could seek civil damages in tort against prosecutors (and survive dismissal) based merely on the allegation that evidence key to their convictions was "falsely" created by prosecutors-and seek such damages before obtaining reversal or exoneration through direct appeal or habeas proceedings. Lawsuits of the sort brought by Cooper would become the rule rather than remain the exception.
Cooper says Gentry , and by extension Heck , are inapt here because Cooper expressly disavows seeking a determination of innocence, and her causes of action do not require a determination of innocence. As to the former, Cooper's requested relief in this regard is not materially different from the plaintiff's in Heck , who sought only money damages and did not seek release from custody. Heck , 512 U.S. at 479, 114 S.Ct. 2364. Regarding the latter, we disagree. The issue is whether proof supporting Cooper's tort claims would undermine the validity of her conviction. It would, for the reasons explained. In Gentry , we held that damages undermining the validity of a criminal conviction are not warranted when a criminal defendant has not proven her conviction "has been overturned in some manner." Gentry , 2009 WL 10453387, at *3. The same principles apply here.
Citing Dugger v. Arredondo , 408 S.W.3d 825 (Tex. 2013), Cooper insists that she "is not barred from suing Trent merely because she engaged in criminal conduct herself."[9] In that case, Dugger and his friend, Joel Martinez, consumed illicit drugs containing heroin. Id. at 827. Thereafter, Martinez began choking and vomiting. Id. Dugger called Martinez's mother, Arredondo, and told her that Martinez had been drinking and was throwing up. Id. Arredondo told Dugger to let Martinez sleep it off. Id. Eventually, Dugger's father called 911, but Dugger did not tell the police or paramedics that Martinez had consumed heroin, and thus Martinez was not treated for a heroin overdose. Id. Martinez died. Id. Arredondo sued Dugger under the wrongful death and survival statutes for negligence in failing to call 911 immediately and failing to disclose Martinez's heroin use. Id.
At issue on appeal was whether the unlawful acts doctrine remained a viable affirmative *337 defense in light of Texas's proportionate liability scheme. Id. Under that doctrine, a plaintiff could not recover damages if, at the time of injury, the plaintiff was engaged in an illegal act that contributed to the injury. Id. The supreme court held that under the proportionate responsibility scheme, a plaintiff's illegal conduct not falling within a statutorily-recognized affirmative defense must be apportioned and such illegal conduct no longer completely bars recovery. Id. (citing Tex. Civ. Prac. & Rem. Code § 93.001 ). The case, however, did not involve a conviction and thus did not address whether a criminal defendant can seek damages related to her conviction when it has not been overturned. We accordingly find Dugger inapplicable.
We conclude that the claims alleged by Cooper, if true, would undermine the validity of her criminal conviction. Therefore, until she has proved her conviction has been reversed, overturned, or invalidated in some manner, her claims have no basis in law and were properly dismissed on Trent's Rule 91a motion. See Heck , 512 U.S. at 484-86, 114 S.Ct. 2364 ; Gentry , 2009 WL 10453387, at *3 ; see also Powell , 2016 WL 3960590, at *3. Consequently, we overrule Cooper's second and fifth issues.[10]
Conclusion
In sum, we conclude that Trent's amended Rule 91a motion to dismiss does not fail for lack of specificity. Further, because Cooper's tort claims would necessarily imply the invalidity of her conviction, which has not been reversed or invalidated by a court, we agree with the trial court that Cooper's claims lack any basis in law. Accordingly, we affirm the trial court's dismissal order.

Yates was convicted of murder and is now serving a sixty-year sentence.

A conviction cannot stand upon accomplice testimony unless it is corroborated by other evidence that tends to connect the accused with the offense. Tex. Code Crim. Proc. art. 38.14.

We refer to Cooper's First Amended Original Petition, the relevant pleading.

Trent later filed an amended motion to dismiss, so we refer to Trent's amended motion in this opinion.

Cooper asserts that Trent moved to dismiss only on the ground that Cooper's claims have no basis in law. In his motion, however, Trent stated that the claims "have no basis in both law and fact."

The trial court's amended findings of fact and conclusions of law assume the truth of Cooper's claims, and the trial court did not conclude that no reasonable person could believe the facts pleaded. See Tex. R. Civ. P. 91a.1.

As we explained in RRR Farms , "[P]rocess must have been used to accomplish an end which is beyond the purview of the process and which compels a party to do a collateral thing which he would not otherwise be compelled to do." RRR Farms , 957 S.W.2d at 133 (emphasis in original). Thus, to establish abuse of process, Cooper would be required to show, among other things, that Cooper was compelled to do a collateral thing that she otherwise would not be compelled to do. She alleges, however, that Yates was compelled to do a collateral thing that he otherwise would not have been compelled to do. Regardless, the issue in today's case is not whether Cooper can succeed on the merits of her abuse of process claim but rather whether the allegations supporting that claim, should she be successful, imply the invalidity of her conviction.

As relevant to emotional distress, Cooper alleges damages generally for "mental anguish." In her appellate brief, Cooper concedes that "the damages caused by Trent's wrongful conduct include ... her conviction, and/or her 60 year sentence." However, in her amended petition, she does not allege or identify any compensable mental anguish proximately caused by Trent's alleged solicitation of false testimony that also is not the proximate result of her incarceration.

Our holding does not deprive inmates of the right to bring suits for civil damages when appropriate and allowed by law. We address only whether an inmate's claims for compensatory damages are barred when their success would undermine the validity of a criminal conviction.

Due to our disposition, we need not address the trial court's alternative conclusion that Cooper's claims are estopped, which Cooper challenges in her third and fourth issues.