

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00337-CV

———————————————

NATHANIEL WASHINGTON, Appellant

V.

CITY OF ARLINGTON POLICE DEPARTMENT, R. WALSH, TAYLOR
FERGUSON, BRIAN SALVANT, AND GEORGE MACKEY, Appellees

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-279518-15

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Nathaniel Washington appeals from the trial court's jurisdictional dismissal order directed to his claims against appellees City of Arlington Police Department (APD), R. Walsh, Taylor Ferguson, Brian Salvant, and George Mackey. Because we conclude that the trial court did not have jurisdiction to determine Washington's civil-rights and tort claims arising from his criminal conviction, we affirm the trial court's dismissal.

On April 20, 2013, Washington was arrested on three outstanding warrants for the offenses of delivery of between 4 and 200 grams of cocaine, alleged to have been committed on May 9, May 16, and June 1, 2012. A grand jury presented three indictments against Washington for the offenses and included a habitual-offender notice in each, alleging that Washington had been twice previously convicted of felony offenses. Washington asserts that the State dismissed two of the three delivery indictments.

On October 29, 2014, a jury convicted Washington of delivery of cocaine after hearing the testimony of Walsh—an APD detective—that he bought cocaine from Washington on June 1, 2012. *See Washington v. State*, No. 02-14-00454-CR, 2016 WL 4538566, at *2 (Tex. App.—Fort Worth Aug. 31, 2016, pet. ref'd) (mem. op., not designated for publication). The jury also found the habitual-offender notice true and assessed his punishment at ninety-nine years' confinement. *See id.* at *3. The prosecutors for Washington's trial were Joe Shannon, Kimberly D'Avignon, and

Ferguson; Washington's trial attorneys were Mackey and Salvant.[1]  The trial court gave Washington time-served credit for the period he spent in jail between his arrest and conviction: April 20, 2013, through October 29, 2014.  This court affirmed his conviction, and the court of criminal appeals refused his petition for discretionary review. *See id.* at \*13.  We issued our mandate on April 7, 2017.

Before Washington's appeal was decided by this court, Washington filed suit against Walsh, APD, Jim Shaw,[2] Mackey, Ferguson, D'Avignon, and Shannon.  He raised a civil-rights claim for cruel and unusual punishment and state tort claims for negligent hiring, training, and supervision; false arrest; false imprisonment; malicious prosecution; intentional infliction of emotional distress; conspiracy; and retaliation.  Washington served all defendants except Mackey.  Washington later voluntarily dismissed his claims against Shaw, Shannon, and D'Avignon.  APD, Walsh, Ferguson, and Salvant answered Washington's petition.  Washington sought a default judgment against Mackey and Ferguson but the motion is not included in the appellate record.  In any event, the trial court never heard or ruled on Washington's motion for default judgment.

---

[1]Mackey was Washington's first court-appointed attorney, but the trial court allowed him to withdraw approximately six months before trial. *See id.* at \*1, \*9. Salvant was appointed to replace Mackey. *See id.* at \*9.

[2]Jim Shaw represented Washington's nephew who allegedly was involved in the delivery offenses. *See id.* at \*2.

3

APD filed a motion for summary judgment for lack of jurisdiction on May 19, 2017—approximately one month after this court issued its mandate affirming Washington's criminal conviction—arguing that because Washington's claims challenged his criminal conviction and because that criminal conviction was not invalidated, the trial court did not have jurisdiction to consider his claims. Ferguson also moved for dismissal of Washington's suit because his claims were frivolous or malicious, having no arguable legal or factual basis. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (West 2017). Washington responded to APD's motion and asserted that because the State dismissed two of the delivery indictments, he could seek relief. The trial court held a hearing on the motion on July 14, at which APD, Walsh, Ferguson, Salvant, and Washington appeared. The trial court construed the summary-judgment motion to be a plea to the jurisdiction, concluded that Washington's claims did not confer jurisdiction because each merely attacked his conviction, and dismissed his claims "as to [APD] and as to all defendants." The trial court signed an order on July 27, dismissing without prejudice Washington's claims against APD, Walsh, Ferguson, and Salvant for lack of subject-matter jurisdiction.

Washington filed a motion for new trial on August 17 and a notice of appeal on September 21, failing to serve any of the defendants with either filing. On September 27, the trial court notified all parties that it would hear the new-trial motion on October 6, which was APD's first notice of the motion and led to its and Ferguson's October 4 response to the new-trial motion. During the hearing, at which all parties

4

except Mackey appeared, the trial court noted that the July 27 dismissal order did not address Mackey but stated that it was a final order because Mackey had never been served. *See, e.g.*, *Sondock v. Harris Cty. Appraisal Dist.*, 231 S.W.3d 65, 67 n.1 (Tex. App.—Houston [14th Dist.] 2007, no pet.). The trial court asked the parties to "double-check" whether the prior dismissal order was final and determine if an amended dismissal order should be entered. APD, Walsh, Ferguson, and Salvant filed a joint letter contending that the July 27 order disposed of the claims against Mackey as well but also, "out of an abundance of caution," attached a proposed amended order that specifically dismissed the claims against Mackey. Washington responded to the proposed amended order, stating that he had been unaware Mackey had not been served and asserting that he had not been served with a copy of APD and Ferguson's response to his new-trial motion.

The trial court signed an amended order dismissing for lack of jurisdiction each of Washington's claims against APD, Walsh, Ferguson, Salvant, and Mackey. The trial court also denied Washington's motion for new trial. Now on appeal, Washington argues that the trial court erred by dismissing his claims for lack of subject-matter jurisdiction, by considering an amended motion to dismiss that had not been served on him and before giving him an opportunity to replead, and by failing to enter default judgment against Ferguson and Mackey.

We review the trial court's jurisdictional ruling de novo as an issue of law. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Cooper v.*

5

*Trent*, 551 S.W.3d 325, 329–30 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). The crux of Washington's claims against each named defendant is that law enforcement and legal counsel worked in tandem to have Washington falsely arrested and convicted of delivery of cocaine. An inmate plaintiff's civil-rights or tort claims based on facts that, if true, would undermine the validity of his conviction are not legally cognizable unless the plaintiff can show that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Washington recognizes this rule but argues that he did not request release from confinement in his petition and that the State ultimately dismissed two of the three charges for which he was arrested. Washington was arrested based on three warrants, one of which led to his conviction. Even assuming the two indictments were dismissed,[3] the dismissals would not qualify as the relief required under *Heck* because Washington was validly held on the remaining warrant until his conviction. Importantly, Washington's claims seeking civil damages for harm caused by the actions of those who secured the disputed arrest and conviction seek to undermine the conviction's validity. In short, the facts Washington seeks to litigate regarding his civil-rights and tort claims are facts essential to his conviction. *See Cooper*, 551 S.W.3d

---

[3]Other than Washington's bare assertion in his unverified petition, there is no evidence that the two indictments were dismissed.

6

at 331–36. Because that conviction has not been invalidated, Washington's claims have no basis in law and the trial court did not have jurisdiction to address them. *See id.* at 336–37; *Powell v. Wilson*, No. 02-16-00023-CV, 2016 WL 3960590, at *3–4 (Tex. App.—Fort Worth July 21, 2016, pet. denied) (mem. op.). We overrule Washington's first issue.

In his second issue, Washington argues that he did not receive a copy of APD's amended motion to dismiss and that he was not allowed a chance to replead before dismissal. APD did not file an amended motion to dismiss,[4] and because a review of Washington's pleadings reveals that the trial court's jurisdiction was conclusively negated, he was not entitled to an opportunity to replead his claims. *See Harris Cty. v. Annab*, 547 S.W.3d 609, 615–16 (Tex. 2018); *Miranda*, 133 S.W.3d at 227. We overrule issue two.

In his final issue, Washington contends that the trial court erred by failing to consider his motion for default judgment. Again, the trial court did not have subject-matter jurisdiction to consider Washington's claims because his conviction had not been invalidated in some way. Thus, the trial court could not have entered a default judgment in favor of Washington in the absence of the jurisdiction to do so. *Cf. DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("Without

---

[4]To the extent Washington is asserting that he did not receive a copy of APD's and Walsh's responses to the trial court after the hearing on Washington's new-trial motion, the record belies that assertion.

7

jurisdiction, the trial court should not render judgment that the plaintiffs take nothing; it should simply dismiss the case."). We overrule issue three.

Having overruled Washington's issues, we affirm the trial court's amended order of dismissal for lack of jurisdiction. *See* Tex. R App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered:  October 4, 2018