**Reversed and Remanded and Memorandum Opinion filed March 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00302-CV

---

**CONESTOGA TRUST SERVICES, LLC, TRUSTEE OF CONESTOGA TRUST, Appellant**

**V.**

**FOCUS MEDICAL UNDERWRITERS, LLC, MATTHEW L. RIOS, M.D., SYED FATEH HYDER, M.D., CLARITY EVALUATIONS, LLC, TIMOTHY A. BESTE, M.D., BARRY COOK, M.D., CONVERGENCE MEDICAL UNDERWRITING, LLC, Appellees**

---

**On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court Cause No. 141-308667-19**

---

### MEMORANDUM OPINION

Conestoga Trust Services, LLC, Trustee of Conestoga Trust is an investor in life settlements, which are life insurance policies sold by insured parties to third parties. Policy premiums are then paid by the buyer. The value of a life settlement is based, in part, on the life expectancy of the insured and the amount of premium

the investor must pay during that time to keep the policy in force. Conestoga purchased certain life settlements that were held in trust for the benefit of investors who would receive a portion of the benefits payable upon the death of the insured person. In connection with the sale of these life settlements, appellees Focus Medical Underwriters, LLC, Matthew L. Rios, M.D., Syed Fateh Hyder, M.D., Clarity Evaluations, LLC, Timothy A. Beste, M.D., Barry Cook, M.D., and Convergence Medical Underwriting, LLC prepared life expectancy reports that projected life expectancies of the insured parties. Conestoga contends that the life expectancy reports were inaccurate because appellees purposely misrepresented shorter life expectancies, which would in essence make the life settlments seem more valuable. Conestoga brought claims against appellees for fraud and negligent misrepresentation.

The trial court dismissed Conestoga's claims against appellees under Texas Rule of Civil Procedure 91a, which permits summary dismissal as to pleaded claims that have no basis in law or fact. Tex. R. Civ. P. 91a. Conestoga challenges that ruling on appeal.[1] Concluding Conestoga sufficiently pleaded actionable claims for fraud and negligent misrepresentation, we reverse the trial court's dismissal order and remand for proceedings consistent with this opinion.[2]

Under rule 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. As specified in the rule, "[a] cause of action has no basis in law if the allegations, taken as true,

---

[1] Conestoga also sued the sellers of the insurance settlements. The trial court severed Conestoga's claims against appellees into a separate cause, thus making the 91a dismissal order final and appealable. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final.").

[2] This case was transferred to our court from the Fort Worth Court of Appeals; therefore, we decide the case in accordance with its precedent if our decision would be otherwise inconsistent. *See* Tex. R. App. P. 41.3.

together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* A motion to dismiss "must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." Tex. R. Civ. P. 91a.2.

We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam); *Cooper v. Trent*, 551 S.W.3d 325, 329 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). We look solely to the pleadings and any attachments to determine whether the dismissal standard is satisfied. *Cooper*, 551 S.W.3d at 329; *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Wooley*, 447 S.W.3d at 76. In doing so, we apply the fair notice standard of pleading. *Id.*

The dismissal order does not specify the grounds on which the court based its ruling, but appellees moved for dismissal on the grounds that life expectancy reports are "estimates, projections, and predictions of when an insured person may die" and "[p]ure expressions of opinion . . . cannot provide a basis for a fraud claim" or a negligent misrepresentation claim. We address on appeal only these grounds raised in the rule 91a motion. *See* Tex. R. Civ. P. 91a.2 ("A motion to dismiss must state . . . specifically the reasons the cause of action has no basis in law, no basis in fact, or both.").

A showing of fraud requires, in relevant part, a material representation that the speaker knew was false or made recklessly without any knowledge of the truth

as a positive assertion. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). A claim for negligent misrepresentation similarly involves a representation conveying false information. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653–54 (Tex. 2018). Pure expressions of opinion are not representations of material fact. *Italian Cowboy Partners*, 341 S.W.3d at 337-38. However, whether a statement is an actionable statement of fact or merely one of opinion depends on the circumstances. *Id*. at 338. Special or one-sided knowledge can establish that a statement is one of fact, not opinion. *Id*. Moreover, an opinion based on past or present facts may establish a basis for fraud or negligent misrepresentation when the speaker has or purports to have superior or special knowledge of the facts underlying the opinion. *See id*.; *see also Eckmann v. Des Rosiers*, 940 S.W.2d 394, 398 n.3 (Tex. App.—Austin 1997, no writ) ("A pretended opinion is actionable if made to deceive and a false statement of existing fact is actionable."). In that connection, "[a] statement of value may be actionable if the speaker knows it is false." *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995).

Conestoga alleged in its live petition that the life expectancy reports were based on misrepresentations involving facts accessible only to appellees and the projections were not derived from accepted data and methods used in the industry. According to Conestoga, appellees knowingly misrepresented the projected life expectancies as "purposefully, consistently and materially shorter than they would have been if the [reports] had been prepared according to accepted and established data and methods in the industry." Conestoga also alleged that appellees knowingly created "lower/shorter life expectancies (to make the policies appear more valuable to would-be purchasers/investors)." Appellees purportedly "knew that the purpose of the [reports] was to influence others (including Conestoga) to

4

purchase life settlement policies . . . and knew that others (including Conestoga) would rely on the artificially-short life expectancies." Conestoga stated that appellees knew the reports were not prepared using the statistical resources that appellees represented they had used. According to Conestoga, "That the [projected life expectancies] were purposefully, consistently and materially shorter than they would have been if [they] had been prepared according to accepted and established data and methods in the industry is objectively verifiable," and the projections were based on one-sided knowledge because Conestoga did not have equal access to relevant information involving the insureds' medical records and history.

Construing the pleadings liberally in favor of Conestoga, looking to Conestoga's intent, and accepting as true the factual allegations in the pleadings, we conclude that Conestoga's petition includes sufficient allegations in support of the fraud and negligent representation claims brought against appellees. Conestoga alleged that appellees' projections were more than pure expressions of opinion because they were purportedly based on knowing misrepresentations about past or present facts. Specifically, Conestoga asserts that appellees had superior information regarding the insureds' medical records and history to which Conestoga lacked access and that appellees purposely projected shorter life expectancies and purposely misrepresented the value of the life settlements to sell more life settlements. These allegations support an action for fraud or negligent misrepresentation. *See, e.g., Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 373 (Tex. App.—Houston [1st Dist.] 2012, pet. granted, judgm't vacated w.r.m.) (holding that predictions "based on or buttressed with" factual representations could be actionable fraud); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App.—San Antonio 2003, pet. denied) (holding opinion regarding health of relationship with business associate was "necessarily based on the facts

underlying that relationship, making the opinion actionable"). *Cf. Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.*, 854 F.3d 765, 780-81 (5th Cir. 2017) (holding evidence that party knew life expectancies were "systematically and materially short" and "misrepresented this known fact as a mere potential risk" supported fraud finding under federal securities laws). We conclude that Conestoga pleaded actionable claims for fraud and negligent misrepresentation that have a basis in law and fact. Accordingly, the trial court erred in granting appellees' rule 91a motion to dismiss.

Conestoga also contends that appellees were not entitled to attorney's fees and costs but that Conestoga is entitled to attorney's fees and costs as the prevailing party. Rule 91a provides, with exceptions not relevant here, that "the court *may* award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged caused of action in the trial court." Tex. R. Civ. P. 91a.7 (emphasis added). Because appellees are not prevailing parties on their rule 91a motion to dismiss, they are not entitled to an award of attorney's fees and costs incurred in pursuing a dismissal. *See HMT Tank Serv. LLC v. Am. Tank & Vessel, Inc.*, 565 S.W.3d 799, 812 (Tex. App.—Houston [14th Dist.] 2018, no pet.). However, under the most recent amendment to rule 91a, applicable here, the trial court is not required to award attorney's fees and costs to Conestoga as the prevailing party, although the trial court is authorized to award them under the rule. *See* Tex. R. Civ. P. 91a.7. Therefore, we reverse the trial court's order dismissing Conestoga's claims against appellees and remand the cause for proceedings consistent with this opinion, including but not limited to the determination of whether to award attorney's fees and costs to Conestoga.

/s/     Frances Bourliot
            Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.