# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00444-CV

---

**Dessie Maria Andrews, Appellant**

**v.**

**4300 Burch LLC and Lawrence Mathis, Appellees**

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-001099, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

This is a dispute over title to real property located at 4300 Burch Drive in Del Valle ("the Property"). Dessie Maria Andrews appeals from the district court's judgment dismissing her suit against 4300 Burch LLC and Lawrence Mathis (collectively, 4300 Burch) pursuant to Rule 91a. We affirm.

## BACKGROUND

In 2016, 4300 Burch purchased the Property from Jae H. Yoo and Jung H. Yoo subject to a vendor's lien. The Yoos subsequently attempted to foreclose on the lien. 4300 Burch sued alleging that the Yoos violated the Deceptive Trade Practices Act (DTPA) by failing to disclose that the Property was under a stop-work order issued by the City of Austin. A Travis County district court entered a final judgment declaring 4300 Burch the rightful owner of the Property and restraining the Yoos from foreclosing upon it ("2017 Judgment"). This

Court dismissed the Yoos' appeal as untimely.  *Yoo v. 4300 Burch, LLC*, No. 03-17-00701-CV, 2018 WL 700916, at *2 (Tex. App.—Austin Feb. 2, 2018, no pet.) (mem. op.).

In May 2018, the Yoos purported to assign their interest in the property, if any, to Andrews.  After executing that assignment, the Yoos filed an equitable bill of review in the district court seeking to set aside the 2017 Judgment.  *Andrews v. 4300 Burch, LLC*, No. 03-20-00580-CV, 2021 WL 955275, at *1 (Tex. App.—Austin Mar. 12, 2021, pet. denied) (mem. op.).  The district court granted 4300 Burch's motion for summary judgment and dismissed the suit.  *Id.*  Andrews filed notice of appeal, but the Yoos did not.  *Id.*  This Court dismissed her appeal because she was not a party of record.  *Id.* at *2.

Andrews subsequently filed this suit seeking a declaratory judgment that the 2017 Judgment is void because the district court lacked subject matter jurisdiction.  She attached the 2017 Judgment, the foreclosure sale deed invalidated by the 2017 judgment, and the assignment.  4300 Burch filed a Rule 91a motion to dismiss, and Andrews filed an answer.  *See* Tex. R. Civ. P. 91a (providing that party may move to dismiss claim as having no basis in law or fact).  The district court granted the motion and dismissed the suit.  This appeal followed.[1]

**DISCUSSION**

Andrews, who is pro se, challenges the judgment in three issues.[2]  She argues that the district court erred by dismissing her suit because the motion did not have the required content and because she demonstrated that her claim has a basis in law.

---

[1] 4300 Burch did not file a brief.

[2] We construe pro se pleadings liberally while requiring pro se appellants to meet the same standards as those represented by counsel.  *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.).

**Standard of Review**

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* In ruling on a Rule 91a motion, a court "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (quoting Tex. R. Civ. P. 91a.1). We review the merits of a Rule 91a motion de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

**Analysis**

First, Andrews argues that the district court erred in dismissing her suit because 4300 Burch's motion does not identify her cause of action for declaratory judgment or explain why it lacks any basis in law. *See* Tex. R. Civ. P. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.").

We disagree. Although 4300 Burch's argument does not use the phrase "declaratory judgment," Rule 91a does not require the use of specific words to identify a cause of action. *See In re McBride Operating, LLC*, No. 12-22-00279-CV, 2022 WL 17828401, at *3 (Tex. App.—Tyler Dec. 7, 2022, orig. proceeding) (mem. op.) ("Magic words are not required; '[a]t issue is whether the grounds for dismissal are clear from the motion.'" (quoting *Cooper v. Trent*, 551 S.W.3d 325, 331 (Tex. App.—Houston [14th Dist.] 2018, pet. denied))); *Wooley v.*

*Schaffer*, 447 S.W.3d 71, 77 n.12 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (same). 4300 Burch argued in the motion that Andrews' claim had no basis in law because she had already attacked the 2017 Judgment in another proceeding and lost on the same grounds she presents here. We conclude that the grounds for dismissal were clear from the motion and overrule Andrews' first issue.

Andrews argues in her second and third issues that her suit has a basis in law because her allegations, taken as a true, demonstrate that the 2017 Judgment is void, and a void judgment may be challenged at any time. A "void judgment . . . can be collaterally attacked at any time," *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012), but we disagree that she alleged facts establishing the 2017 Judgment is void. A judgment is void "only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Texas Windstorm Ins. Ass'n v. Pruski*, ___ S.W.3d ___, ___, 2024 WL 2096557, at \*4 (Tex. May 10, 2024) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)). Andrews alleges in her pleading that the district court lacked subject matter jurisdiction because the City of Austin had no authority to issue the stop-work order and the Yoos therefore had no obligation to disclose it. Even if the stop-work order was invalid and the Yoos had no obligation to disclose it—issues we express no opinion on—she has not explained how the district court lost jurisdiction to decide 4300 Burch's claim that the Yoos violated the DTPA. *Cf. In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 154 (Tex. 2021) (orig. proceeding) ("As courts of general jurisdiction, district courts are presumed to have subject-matter jurisdiction over a dispute absent a showing to the contrary."). The district court did not err by dismissing her suit because her allegations, taken as true together with reasonable inferences drawn from

4

them, do not establish that the 2017 Judgment is void. *See* Tex. R. Civ. P. 91a.1. We overrule Andrews' second and third issues.

## CONCLUSION

We affirm the district court's judgment.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   July 3, 2024