DIVERSIFIED FINANCIAL SYSTEMS, INC. and Diversified Financial Southeast, Inc., Petitioners,

v.

HILL, HEARD, O'NEAL, GILSTRAP & GOETZ, P.C. a/k/a Hill, Gilstrap, Moorhead, White, Bodoin & Webster, a professional corporation, Dwight A. Heard and Frank Hill, Respondents.

No. 00–0040.

Supreme Court of Texas.

Sept. 20, 2001.

Rehearing Overruled Jan. 31, 2002.

J. Allen Smith, Scott James Conrad, Ralph Eugene Roberts, Settle & Pou, Dallas, Levon G. Hovnatanian, Martin Disiere & Jefferson, Houston, for Petitioner.

Frank Gilstrap, Hill Gilstrap, Arlington, for Respondent.

PER CURIAM.

Petitioners sued respondents on promissory notes and guarantees. The trial court rendered an interlocutory summary judgment for respondents on certain claims and issued an order severing those claims into a separate cause. The order stated that the separate action should "proceed as such to final judgment or other disposition in this Court [under a new style and cause number]." Six weeks later, the trial court signed a final judgment in the severed cause. Petitioners timely appealed from this judgment, but the court of appeals dismissed the appeal for want of jurisdiction, holding that the interlocutory summary judgment became final the instant it was severed from the main cause. 3 S.W.3d 616.

As a rule, the severance of an interlocutory judgment into a separate cause makes it final. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) (per curiam). But here, the severance order expressly contemplated that the severed claims would "proceed as such to final judgment or other disposition in this Court." Thus, the severance order clearly precluded a final judgment in the severed action until the later judgment was signed, and petitioners' appeal was timely.

Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, the Court reverses the judgment of the court of appeals and remands the case to that court for consideration of the merits of the appeal.