NUMBER
13-04-084-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

_______________________________________________________

 

MAXIMINO
R. ALEMAN, ET AL.,                               Appellants,

 

                                           v.

 

MARSH
USA, INC. (DELAWARE) AND MARSH USA,

INC. (TEXAS),                                                        Appellees.

_______________________________________________________

 

                  On appeal from the
319th District Court

                           of Nueces
County, Texas.

_______________________________________________________

 

                     MEMORANDUM OPINION

 

    Before Chief Justice Valdez and
Justices Hinojosa and Yañez

                       Memorandum Opinion Per
Curiam

 








This is an asbestos
case.  Appellants, Maximino R. Aleman, et
al., brought suit against multiple asbestos defendants and various insurers,
including appellees Marsh USA, Inc. (Delaware) and Marsh USA, Inc. (Texas), who
are general lines insurance brokers.  Appellees filed special exceptions to
appellants= several amended
petitions alleging that they possessed no duty to the appellants.  The trial court agreed, and on October 30,
2003, granted appellees= special exceptions
and dismissed appellants= claims with
prejudice.  The order granting special
exceptions also severed these claims into a separate cause. The order stated
that the separate action "shall proceed to final judgment in the Court
[under a new style and cause number]."  
On February 12, 2005, appellants filed a notice of appeal and a motion
for extension of time to file their notice of appeal.  According to appellants, the notice of appeal
was not timely filed because of confusion resulting from the multiplicity of
orders and motions for new trial filed in the various consolidated cases, and
appellants were not certain if all necessary matters for the appeal had been
resolved.   

Appellees moved to
dismiss the appeal on grounds that it was not perfected on time.  Appellants sought and received an extension
of time to file their reply to the motion to dismiss until thirty days
following the filing of the clerk=s record.  The clerk=s record was received on August 22, 2005;
however, appellants have to date failed to file any response to the motion to
dismiss. 








As a rule, the
severance of an interlocutory judgment into a separate cause makes it
final.  Farmer v. Ben E. Keith Co.,
907 S.W.2d 495, 496 (Tex. 1995) (per curiam). 
But here, the severance order expressly stated that the severed claims
would "proceed to final judgment in the Court."  Thus, the severance order clearly cannot be
construed as a final judgment in the severed action until a later judgment is
signed.  See Diversified Fin. Sys. v.
Hill, Heard, O'Neal, Gilstrap & Goetz, P.C., 63 S.W.3d 795 (Tex. 2001)
(holding that severance order stating that separate action should "proceed
as such to final judgment or other disposition in this Court [under a new style
and cause number]" was not subject to appeal).  The record currently before the Court neither
contains any further document that would constitute a final judgment, nor for
that matter, does it contain any post-judgment motions.  

Because the order of
severance did not result in a final judgment in the severed action, we conclude
that the action is still pending and is not yet subject to appeal.  See id.  Accordingly, this appeal is dismissed for
lack of jurisdiction.  Any pending
motions are denied as moot.

PER CURIAM

Memorandum Opinion delivered and 

filed this the 26th day of January, 2006.