

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-449-CV

C. GREGORY SHAMOUN                                          APPELLANTS
AND SHAMOUN KLATSKY
NORMAN, LLP

V.

CISCO SYSTEMS                                               APPELLEES
CAPITAL CORPORATION,
SANDSTREAM, INC.,
PATRICK ROBBINS,
MICHAEL TOBIAS,
RUSS RAMSLAND, AND
ANIL LAL

------------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On December 17, 2007, appellants C. Gregory Shamoun and Shamoun

Klatsky Norman, LLP filed a notice of appeal attempting to appeal from several

---

[1]  *See* TEX. R. APP. P. 47.4.

sanctions orders entered against them by the trial court. Appellants filed a supplemental notice of appeal on December 28, 2007, in which they also indicated a desire to appeal from a November 13, 2006 order denying a motion to recuse the trial judge and a January 26, 2007 order denying a motion to disqualify, or in the alternative recuse, the trial judge.

We sent appellants a letter on January 31, 2008 stating this court's concern that it does not have jurisdiction over the appeal from the two orders denying recusal or disqualification of the trial judge because it did not appear that those two orders were final. Appellants did not respond to this letter. After reviewing the issue further, however, this court decided that jurisdiction did lie as to the entire appeal and sent a letter to that effect dated May 14, 2008.

Appellants responded by filing a docketing statement, in which they indicated that the orders being appealed do not dispose of all parties and issues. In a letter accompanying the docketing statement, appellants contended that the orders appealed from are not final, that the notices of appeal were filed merely to preserve appellants' right to appeal if this court determined that the orders are final, and that this court should dismiss the appeal.

The sanctions and recusal orders at issue here arise from appellants' former representation of defendant Jim Mabrey in trial court cause number 048-

2

194638-02. After entering the orders complained of in appellants' notices of appeal, the trial court severed those orders into a new cause number, 048-226240-07. Ordinarily, the severance of an interlocutory judgment into a separate cause makes it final. *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001). But this rule does not apply when the severance order expressly indicates that the trial court did not intend to make an interlocutory judgment or order final. *Id*.

The severance order here begins by stating that the "sanctions proceedings" should be severed. It then goes on to sever appellees' "causes of action for sanctions" rather than the sanctions orders themselves. Additionally, the order contemplates the assessment of costs for copying documents from cause number 048-194638-02 in the future; it does not assess the costs in the order.[2] The final sentence of the order states that it "is not a final judgment." Thus, it appears from the express language of the severance order that the trial court did not intend to make the appealed interlocutory orders final upon severance.

Additionally, the trial court and parties appear to be treating the appealed orders as interlocutory rather than final. On December 3, 2007, the trial court

---

[2] The order specifically states that the costs of copying "will be taxed in the new cause."

3

set a joint status conference in this case and in cause number 048-194638-02 for January 18, 2008. And appellee Cisco Systems Capital Corporation has filed motions for entry of judgment as to the sanctions orders, which the trial court has yet to rule on.

Accordingly, we conclude and hold that the general rule regarding severance does not apply here and that the severance order did not render the appealed orders final. Because there is no final judgment and these are not appealable interlocutory orders, we dismiss the appeal for want of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (Vernon Supp. 2007); TEX. R. APP. P. 42.3(a), 43.2(f); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: July 10, 2008