COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

                                        NO.
2-07-449-CV

 

C. GREGORY SHAMOUN                                                     APPELLANTS

AND SHAMOUN KLATSKY

NORMAN, LLP

 

                                                   V.

 

CISCO SYSTEMS                                                                 APPELLEES

CAPITAL CORPORATION,

SANDSTREAM, INC.,

PATRICK ROBBINS,

MICHAEL TOBIAS,

RUSS RAMSLAND, AND

ANIL LAL

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








On December 17, 2007, appellants C. Gregory
Shamoun and Shamoun Klatsky Norman, LLP filed a notice of appeal attempting to
appeal from several sanctions orders entered against them by the trial
court.  Appellants filed a supplemental
notice of appeal on December 28, 2007, in which they also indicated a desire to
appeal from a November 13, 2006 order denying a motion to recuse the trial
judge and a January 26, 2007 order denying a motion to disqualify, or in the
alternative recuse, the trial judge.

We sent appellants a letter on January 31, 2008
stating this court=s concern that it does not have
jurisdiction over the appeal from the two orders  denying recusal or disqualification of the
trial judge because it did not appear that those two orders were final.  Appellants did not respond to this
letter.  After reviewing the issue
further, however, this court decided that jurisdiction did lie as to the entire
appeal and sent a letter to that effect dated May 14, 2008.

Appellants responded by filing a docketing
statement, in which they indicated that the orders being appealed do not
dispose of all parties and issues.  In a
letter accompanying the docketing statement, appellants contended that the
orders appealed from are not final, that the notices of appeal were filed
merely to preserve appellants= right
to appeal if this court determined that the orders are final, and that this
court should dismiss the appeal.








The sanctions and recusal orders at issue here
arise from appellants= former representation of
defendant Jim Mabrey in trial court cause number 048-194638-02.  After entering the orders complained of in
appellants= notices of appeal, the trial
court severed those orders into a new cause number, 048-226240-07.  Ordinarily, the severance of an interlocutory
judgment into a separate cause makes it final. 
Diversified Fin. Sys., Inc. v. Hill, Heard, O=Neal,
Gilstrap & Goetz, P.C., 63 S.W.3d 795, 795 (Tex. 2001).  But this rule does not apply when the
severance order expressly indicates that the trial court did not intend to make
an interlocutory judgment or order final. 
Id.

The severance order here begins by stating that
the Asanctions
proceedings@ should be severed.  It then goes on to sever appellees= Acauses
of action for sanctions@ rather than the sanctions
orders themselves.  Additionally, the
order contemplates the assessment of costs for copying documents from cause
number 048-194638-02 in the future; it does not assess the costs in the order.[2]  The final sentence of the order states that
it Ais not a
final judgment.@ 
Thus, it appears from the express language of the severance order that
the trial court did not intend to make the appealed interlocutory orders final
upon severance.








Additionally, the trial court and parties appear
to be treating the appealed orders as interlocutory rather than final.  On December 3, 2007, the trial court set a
joint status conference in this case and in cause number 048-194638-02 for
January 18, 2008.  And appellee Cisco
Systems Capital Corporation has filed motions for entry of judgment as to the
sanctions orders, which the trial court has yet to rule on.

Accordingly, we conclude and hold that the
general rule regarding severance does not apply here and that the severance
order did not render the appealed orders final. 
Because there is no final judgment and these are not appealable
interlocutory orders, we dismiss the appeal for want of jurisdiction.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014
(Vernon Supp. 2007); Tex. R. App. P. 42.3(a),
43.2(f); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192B93 (Tex.
2001).

PER
CURIAM

 

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: July 10, 2008











[1]See Tex. R. App. P. 47.4.





[2]The order specifically
states that the costs of copying Awill be taxed in the new cause.@