**Motion Granted; Appeal Dismissed and Memorandum Opinion filed April 28, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00194-CV

## VICNRG LLC, Appellant

## V.

## FCSTONE, LLC, FCSTONE TRADING, LLC AND FCSTONE GROUP, INC., Appellees

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2013-05124B**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment that became final and appealable when a severance order was signed on October 29, 2014. No timely post-judgment motion was filed. Appellant's notice of appeal was filed on February 20, 2015. Appellant's notice of appeal was not timely because it was due

within 30 days of the date on which the judgment became final and appealable. *See* Tex. R. App. P. 26.1..

On March 18, 2015, appellees FCStone, LLC, FCStone Trading, LLC and FCStone Group, Inc. (collectively "FCStone"), filed a motion to dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

In the underlying suit, appellant VicNRG sued Fuel Streamers, Inc., Green Diesel, LLC, and FCStone. On August 1, 2014, the trial court granted a partial summary judgment in favor of FCStone on all claims asserted against FC Stone. On October 6, 2014, FCStone moved to sever all claims and causes of action alleged against it. In the motion, FCStone "request[ed] that the Court order the cause between Plaintiff and Defendants [FCStone] be severed and made the subject of a separate suit; that the Court sign a Final Judgment in the severed case making the Interlocutory Order granting summary judgment previously entered herein final; and that FCStone be granted any and all other relief to which it may show itself entitled." On October 29, 2014, the trial court signed an order granting the motion for severance. On February 4, 2015, VicNRG filed a motion for entry of final judgment or, alternatively, motion to extend post-judgment deadlines. On February 20, 2015, VicNRG filed a conditional notice of appeal.

As a rule, severance of an interlocutory judgment into a separate action makes it final, unless the order of severance indicates further proceedings are to be conducted in the severed action. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (severed action remained interlocutory where severance order stated action would "proceed as such to final judgment or other disposition"); *Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313–14 (Tex. 1994) (severance order permitting additional defendants to be added to severed action was interlocutory).

2

The appellate timetable runs from the signing date of an order that creates a final and appealable judgment. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995); *Martinez*, 875 S.W.2d at 313. An order of severance is effective when signed even if the clerk fails to create a separate file with a different cause number. *See McRoberts v. Ryals*, 863 S.W.2d 450, 452–53 (Tex. 1993).

The partial summary judgment signed on August 1, 2014 disposed of all claims by VicNRG against FCStone. This order was interlocutory before severance because of the remaining unadjudicated claims against Fuel Streamers and Green Diesel. On October 29, 2014, the trial court signed an order severing all causes of action against FCStone into a new cause number. The severance order did not indicate that further proceedings were to be conducted in the severed action. *See Diversified*, 63 S.W.3d at 795; *Martinez*, 875 S.W.2d at 313. Neither the partial summary judgment nor the severance order contains express "finality" language; the severance order nonetheless disposed of all unadjudicated issues and parties, thereby making the partial summary judgment final and appealable. *See Farmer*, 907 S.W.2d at 496; *Martinez*, 875 S.W.2d at 313. Thus, the appellate timetable for appealing the partial summary judgment ran from the date of the order of severance signed on October 29, 2014. *Farmer*, 907 S.W.2d at 496. No notice of appeal or motion for new trial was filed within 30 days of this order.

VicNRG's response to the motion to dismiss fails to demonstrate that this court has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, McCally, and Donovan.