

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00288-CV

Eduardo **BENAVIDES**,
Appellant

v.

Julia **BENNETT**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-16084
Honorable Stephani A. Walsh,[1] Judge Presiding

Opinion by:   Rebeca C. Martinez, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 15, 2016

AFFIRMED

Eduardo Benavides sued Julia Bennett and two other defendants for fraud and unlawful

conversion.  On December 16, 2014, Bennett filed a no-evidence motion for summary judgment

as to the claims for fraud and conversion.  On February 3, 2015, Benavides filed his Fourth

Amended Petition in which he eliminated the claim against Bennett for fraud, but added claims for

violation of Chapter 12 of the Texas Civil Practice and Remedies Code and violation of the Texas

---

[1] The order that appellant challenges on appeal—"Order Granting Defendant's No Evidence Motion for Summary Judgment" as to the claim for unlawful conversion—was signed by the Honorable Larry Noll, presiding judge of the 408th Judicial District Court, Bexar County, Texas, on February 5, 2015.

Theft Liability Act. On February 5, 2015, the trial court partially granted Bennett's no-evidence motion for summary judgment solely as to the conversion claim. Bennett subsequently filed motions to dismiss the remaining claims against her. On March 6, 2015, the trial court signed orders dismissing the remaining claims, as well as an order granting Bennett's motion to sever Bennett's claims into a separate cause number.

On May 8, 2015, Benavides filed a notice of appeal in which he gave notice of his desire to appeal the February 5, 2015 order granting partial summary judgment. In his pro se letter brief, Benavides argues that we lack jurisdiction over this appeal because the February 5, 2015 order granting partial summary judgment in favor of Bennett did not dispose of all claims against the defendants and therefore was not a final order. While the February 5, 2015 order was initially interlocutory, the trial court subsequently signed orders on May 6, 2015 which disposed of all remaining claims against Bennett, and also signed a severance order on the same day, thus making the February 5, 2015 order final for purposes of appeal. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final.") (citation omitted); *see also G & H Towing Co. v. Magee*, 347 S.W.3d 293, 295 (Tex. 2011) (interlocutory summary judgment order is made final and appealable once motion to sever claims is granted). Benavides's complaint that we lack jurisdiction over the appeal is meritless. Because Benavides does not otherwise complain that the February 5, 2015 summary judgment was improperly granted, we overrule Benavides's sole issue on appeal, and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice