# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00059-CV

**Jackie Jacobsen, Appellant**

**v.**

**Power Monkey Motors, LLC d/b/a Grease Monkey 1120, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-23-001055, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jackie Jacobsen filed a notice of appeal from the trial court's "Final Judgement signed on July 25, 2023, as well as any other rulings submitted therein." Upon initial review, the Clerk of this Court sent Jacobsen a letter informing her that this Court appears to lack jurisdiction over the appeal because the July 25, 2023 "Judgment" in the clerk's record does not appear to be a final and appealable judgment, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).

The Clerk requested a response on or before May 17, 2024, informing this Court of any basis that exists for jurisdiction. Although Jacobsen filed a response, it does not inform

the Court of any action in the trial court occurring after her notice of appeal was filed that caused the trial court's judgment against her to become final and appealable.

In this case, the trial court's order disposes of Power Monkey Motors, LLC's claims against only one defendant, and an order granting a default judgment in favor of only one of multiple defendants is not an appealable interlocutory order. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of partial default judgment). There are a few ways for a trial court's order to become a final judgment without a trial. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024). A trial court's order is final if it (1) actually disposes of all remaining parties and claims then before the court (regardless of whether it includes unequivocal finality language), or (2) includes unequivocal finality language that expressly disposes of all claims and parties. *Id.* (citing *Lehmann*, 39 S.W.3d at 200); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (concluding default judgment that did not purport to dispose of all parties and all claims, did not actually dispose of punitive-damages claim, and lacked unequivocal finality language was not final and appealable judgment). In addition, "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Sealy Emergency Room*, 685 S.W.3d at 820 (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)). None of those circumstances are present here, and accordingly, the default judgment against only Jackie Jacobsen is not yet final and appealable. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle*

2

*Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

For the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).


_____

Gisela D. Triana, Justice


Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: May 24, 2024