

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARIA DEL ROSARIO V. GARCIA, LEE ANN V. MARTINEZ, RUBEN VILLARREAL, JR., JULISSA V. GARCIA, REBECCA VILLARREAL, and RAQUEL V. JUAREZ,<br><br>                 Appellants,<br><br>v.<br><br>JAVIER RAMIREZ as Co-Trustee of the RAMIREZ MINERAL TRUST; SONIA RODRIGUEZ as Co-Trustee of the RAMIREZ MINERAL TRUST; VICTOR M. RAMIREZ as Co-Trustee of the RAMIREZ MINERAL TRUST; SANTIAGO RAMIREZ, JR. as Co-Trustee of the RAMIREZ MINERAL TRUST; VICTOR M. RAMIREZ, an Individual; SANTIAGO RAMIREZ, JR., an Individual; SYLVIA R. RAMIREZ, an Individual; DAHLIA R. LOPEZ, an Individual; SONIA GARZA RODRIGUEZ, an Individual; JAVIER RAMIREZ, an Individual; SOTERO RAMIREZ, JR.. an Individual; AMADO RAMIREZ, JR., AN INDIVIDUAL; PRISCILLA GARZA LOZANO, an Individual; BLAS GARZA III, an Individual; SONIA RODRIGUEZ as Heir and Co-Executor to the Estate of BLAS GARZA, JR.; BLAS GARZA III, as Heir and Co-Executor to the Estate of BLAS GARZA, JR.; PRISCILLA GARZA LOZANO as Heir and Co-Executor to the Estate of BLAS GARZA, JR.,<br><br>                 Appellees. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 08-23-00117-CV<br><br>Appeal from the<br><br>49th Judicial District Court<br><br>of Zapata County, Texas<br><br>(TC# 5,937-C) |

**CONCURRING AND DISSENTING OPINION**

I agree with the majority to the limited extent it concludes this Court lacks jurisdiction over the appeal. I part ways with the Court, however, to the extent it determines that both the July 2014 order and the September 2022 order are interlocutory in nature. Instead, I would conclude the July 2014 order was a final and appealable order when rendered, as it contained clear and unequivocal finality language that triggered the timetable for perfecting a timely appeal. And because that order was final, the trial court's plenary power long ago expired, well before September 2022. As a result, I would also conclude the trial court's severance order rendered in September 2022, which purportedly severed the July 2014 order into a separate cause, was rendered outside the court's plenary power. Unlike the majority, I would conclude the severance order was void, not interlocutory. For the reasons that follow, I would grant Appellees' motion to dismiss the appeal for lack of jurisdiction.

**I.**

Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law reviewed de novo. *Bonsmara Nat. Beef Co., LLC v. Hart of Texas Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). The timely filing of a notice of appeal by any of the parties "invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from." Tex. R. App. P. 25.1(b). "[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In those cases, in particular—where only one final judgment can be rendered—*Lehmann* distinguishes between judgments issued after a conventional trial on the merits and judgments rendered without one. *Id.* at 199–200. These types of judgments

include default judgments, summary judgments, and dismissals either by nonsuit or by plea to the jurisdiction. *Id.*

As to judgments rendered without a conventional trial, *Lehmann* addressed the lingering uncertainty about their finality and appealability. *Id.* at 195. There, the Supreme Court described: "[w]hat has vexed courts in this State and elsewhere is this: must a final judgment dispose of all parties and claims specifically, or may it do so by general language or even by inference?" *Id*. *Lehmann* considered whether strict requirements would lead to better results; recognizing, of course, that some orders or judgments would likely fall short of an exacting standard. In those circumstances, the Court noted the uncertainty that would surely result: "[i]f a specific disposition of each party and claim is strictly required, a judgment apparently intended by the parties and the trial court to be final and appealable *may not be*." *Id*. at 195–96 (emphasis added). In that case, "[a]n appeal from such a judgment must be dismissed or at least abated, resulting in delay and a waste of the courts' and the parties' resources." *Id.* at 196. The Supreme Court thus determined that, despite the finality question persisting for many years, the imposition of strict requirements could lead to greater instability, not less. *Id*. ("[I]f a judgment intended to be final did not meet the strict requirements, then the case would remain open, allowing the possibility of further proceedings and appeal years later.").

On the other hand, the Court also found that for judgments of this type, standards that were too loose would likely introduce its own set of problems. The Court noted, "if a judgment may dispose of all parties and claims by general language or inference, a party or trial court may think that a judgment is interlocutory, only to be told later by the appellate court after the time for appeal has passed that the judgment was final." *Id*. As to this problem, the Court warned, "[a] party who

3

is uncertain whether a judgment is final must err on the side of appealing or risk losing the right to appeal." *Id*.

Against this enduring backdrop, the Court declared that "[s]implicity and certainty in appellate procedure are nowhere more important than in determining the time for perfecting appeal." *Id.* at 205. Honoring that principle, *Lehmann* thus confirmed distinct pathways for an order to become final and appealable. *Id*. at 192–93. Specifically, the Court held that a judgment issued without a conventional trial is final *if and only if* it either: (1) "states with unmistakable clarity it is a final judgment as to all claims and all parties[;]" or (2) "it actually disposes of all claims and parties then before the court, regardless of its language." *Id*.; *see also In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018); *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024). Beyond those two circumstances, and relevant here, the Court has also recognized by other decisions that an interlocutory judgment becomes final if it is severed into a separate cause. *Sealy Emergency Room*, 685 S.W.3d at 820 ("[A]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neil, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001))).

Focusing on the first path to finality, *Lehmann* explained, "the language of an order or judgment *can* make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 200. For facial finality to apply, the intent to finally dispose of the case must be unequivocally expressed in the words of the order or judgment. *Id*. When such language is present, *Lehmann* instructs that it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. *Id.* at 206.

4

For example, when a defendant moves for summary judgment on only some of multiple claims asserted, and the trial court grants the motion (without stating the grounds), therein ordering the plaintiff to take nothing, the resulting judgment is erroneous, but final. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655–56 (Tex. 2001). Simply put, the order "must be appealed and reversed," for, even in that event, it is treated as "final—erroneous, but final." *Lehmann*, 39 S.W.3d at 200; *see also Estate of Cougot*, No. 08-22-00007-CV, 2022 WL 2866012, at *6 (Tex. App.—El Paso July 21, 2022, pet. denied) (mem. op.) (addressing a timely appeal of an order that was erroneously final and reversing the ruling and remanding the case to the trial court to address remaining claims and parties). Courts are instructed that—even if the record were to otherwise show that a judgment did not dispose of some claims and defenses—the trial court's inclusion of qualifying, finality language must be given its full legal effect. *Lehmann*, 39 S.W.3d. at 200.

More recently, the Supreme Court reaffirmed this facial finality test and further clarified that courts are prohibited from performing a record review when "a finality phrase" is included. *In re Elizondo*, 544 S.W.3d 824, 828 (Tex. 2018) (orig. proceeding) (per curiam). ("[A] reviewing court confronting an order that includes a finality phrase cannot look at the record. Instead, it must take the order at face value."). This prohibition is easily understood when qualifying language is present on the face of a judgment. The Court explained:

> If it were otherwise, finality phrases would serve no purpose. That is, *if* both of *Lehmann*'s tests allow a reviewing court to look at the record, then a reviewing court may always look at the record. That would distill *Lehmann*'s joint tests into a simple rule: when there has not been a conventional trial on the merits, a court must look to the record to determine whether the judgment is final. That is not *Lehmann*'s rule. Had it lacked the finality phrase, the original order in this case would not have disposed of all claims and parties. However, since the original order included a finality phrase, it was clear and unequivocal.

*Id.* Consequently, when finality language is present, the language itself cannot be ignored or deemed superfluous as the wording itself serves a distinct purpose in accord with *Lehmann's* and *Elizondo's* holdings. *See id.*

## II.

Turning to the case at hand, in July 2014, the trial court considered competing, traditional and no-evidence motions for summary judgment filed in cause number 5937-A. More specifically, on July 28, 2014, the trial court signed an "Order on Summary Judgments," granting the motions filed by Appellees and other defendants, while denying the motions filed by Appellants. Also, in a penultimate paragraph, the order further decreed that the causes of action asserted by certain plaintiff-intervenors (generally known as the Lilia Group represented by the Ellis firm), were severed from the cause, and their causes were ordered to proceed under new cause number 5937-B.[1] And finally, in a last paragraph appearing immediately above the date, the order included the following language:

> These judgments dispose of all claims and defenses between the parties made the subject of the above-referenced summary judgments; it is a final judgment; and it is appealable.

Following *Lehmann's* and *Elizondo's* instructions, I would first consider whether the July 2014 order included a finality phrase, and in doing so, I would not look at the record of the case. *Lehmann*, 39 S.W.3d at 192–93; *Elizondo*, 544 S.W.3d at 828. Here, after detailing its rulings on the parties' various motions, the July 2014 order explicitly states, "these judgments dispose of all claims and defenses between the parties made the subject of the above-referenced summary

---

[1] The intervenors are listed on the order as: Lilia V. Mendoza (a/ka Lilia Villarreal); Raquel Rodriguez (a/k/a Raquel Villarreal and Raquel V. Rodriguez); Amanda Garza (a/k/a Amanda V. Garza), Anibal Villareal as Agent for Amanda Garza, and Anibal Villareal as Agent for Raquel Villarreal. Essentially, this group of intervenor-plaintiffs amount to the three clients sued for breach of contract by the Ellis firm, that is, Amanda Garza, Lilia Villarreal, and Raquel Villareal, who are collectively referred as the Lilia Group.

judgments; it is a final judgment; and it is appealable." Under *Lehmann's* finality-language rule, I would conclude the order's language shows a clear and unequivocal intention to render an express adjudication of all parties and claims. *See Lehmann*, 39 S.W.3d. at 206. ("A statement like, '[t]his judgment finally disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention."). Structurally, as another indicia of finality, the judgment also severed causes of action asserted by certain parties into a separate and distinct cause.[2] In my view, the finality language and severance, together and as a whole, reflected an intent by the trial court to render a final, appealable judgment on the stated date. Thus, I would grant Appellees' motion to dismiss the appeal.[3]

Even if the July 2014 order did not actually dispose of some claims and defenses, *Lehmann* nonetheless has instructed that "[a]n express adjudication of all parties and claims in a case is not

---

[2] The order decreed the causes of action asserted by plaintiffs known as the Lilia Group, who were represented for a time by the Ellis firm, were severed from the cause, and those claims were ordered to proceed under new cause number 5937-B. That group included the following: Lilia V. Mendoza (a/ka Lilia Villarreal); Raquel Rodriguez (a/k/a Raquel Villarreal and Raquel V. Rodriguez); Amanda Garza (a/k/a Amanda V. Garza), Anibal Villareal as Agent for Amanda Garza, and Anibal Villareal as Agent for Raquel Villarreal. Essentially, this group of intervenor-plaintiffs amount to the three clients sued for breach of contract by the Ellis firm, that is, Amanda Garza, Lilia Villareal, and Raquel Villareal, who are collectively referred as the Lilia Group.

[3] I agree with Appellees' analysis and reasoning in support of their motion to dismiss. Appellants argue the July 2014 order "still has not become final," yet they neither assert a statutory ground for bringing an interlocutory appeal, nor assert a basis for this Court to exercise jurisdiction. Citing to *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992), Appellants rely on a pre-*Lehmann* decision, contending "[a] judgment is final if it disposes of all pending parties and claims in the record." Focusing on the record, they advance several grounds in asserting the July 2014 order lacked finality. First, they contend certain parties, i.e., the Ramirez Defendants, were not in fact movants to any of the motions for summary judgment; and, thus, they argue the July 2014 order did not (and could not) dispose of Appellants' pending claims against those defendants. Second, they urge that, because the Ramirez Defendants had not joined in the summary judgment motions, "the trial court lacked authority to grant summary judgment in favor of the Ramirez Defendants."[3] Third, they contend the Chesapeake Defendants' counterclaim was not addressed in any of the motions for summary judgment nor adjudicated by the trial court. Based on these grounds, they conclude that the July 2014 order failed to resolve all claims against all parties. Notably, none of these grounds were brought in Appellants' motion for new trial, filed in 2014, nor in their motion to sever filed in 2022. I would conclude the arguments are unavailing. The trial court's order explicitly lists the Ramirez Defendants as having filed motions for summary judgment. Based on *Lehmann's* finality principles, I would conclude that Appellants' claim asserting the Ramirez Defendants were not included as parties to any of the adjudicated motions, and their secondary claim asserting the Ellis plea remained unresolved, would simply mean the order was reversible due to error, but not interlocutory. *See Lehmann*, 39 S.W.3d at 204 (providing that an order that grants more relief that the movant is entitled to "makes the order reversible, but not interlocutory.").

7

interlocutory merely because the record does not afford a legal basis for the adjudication." *Id.* at 206. As the Supreme Court explained, "the language . . . must be given effect despite any other indications that one or more parties did not intend for the judgment to be final." *Id.* In such a case, the order "must be appealed and reversed," for it is treated as "final—erroneous, but final." *Id.* at 200; *see also Estate of Cougot*, 2022 WL 2866012, at *6 (addressing a timely appeal of an order that was erroneously final and reversing the ruling and remanding the case to the trial court to address remaining claims and parties).

In the majority's view, however, the particular phrase, "[t]hese judgments dispose of all claims and defenses between the parties made the subject of the above-referenced summary judgments," neither asserted nor expressed any of *Lehmann*'s approved language of finality; and instead, the phrasing created an ambiguity that demanded a full review of the record of the cause. From there, the majority then concludes that, because certain parties and claims were not mentioned, the judgment was in fact interlocutory. Although the trial court thereafter severed the order into a separate cause number, the majority concludes here, after a long dormancy of many years' duration, that the judgment still remains interlocutory, not final.

I disagree with this reasoning on two grounds. First, in analyzing the language of the final judgment, the majority concludes it is unclear about which claims the summary judgment had disposed. To reach this result, the majority cites a Texas Supreme Court case interpreting a bankruptcy court's order that conditionally terminated an automatic stay. *See Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011) (acknowledging that an order's terms are ambiguous if they are "susceptible of more than one reasonable interpretation"). But, even there, the Court acknowledged that an unambiguous order requires a court to look at it "as a whole." *Id.* In doing so, courts "construe an order in a way that gives each provision meaning." *Id.* And, the Court

8

reiterated that, under general rules of construction, "we avoid strictly construing an instrument's language if it would lead to absurd results." *Id*.

But here, the majority casts aside these general principles, parsing the judgment's language into individual parts that are untethered to the whole of the language used. In doing so, the majority fails to heed *Lehmann's* warning about imposing strict requirements. As *Lehmann* explained, in doing so, cases would likely remain open, thereby "allowing the possibility of further proceedings and appeal years later." *Lehmann*, 39 S.W.3d at 196. When read as a whole, and without too strict of a standard, the July 2014 order described it was disposing of "all claims and defenses between the parties made the subject of the above-referenced summary judgments." Adding clarity to that statement, the order next declares, "it is a final judgment; and it is appealable." The entire sentence is formed by the use of a semicolon, which links independent and closely related clauses.

Deconstructing the sentence, however, the majority declares "a summary-judgment order is not final merely because it states it is 'final' or 'appealable.'" That result, however, gives no meaning whatsoever to the words actually included on the face of the judgment. But, as the Supreme Court explained, we must take the order at face value and give effect to *all* of its finality phrasing. *Elizondo*, 544 S.W.3d at 828. The entire phrase, "these judgments dispose of all claims and defenses between the parties made the subject of the above-referenced summary judgments[,]" is descriptive of the claims and defenses raised by the competing summary judgment motions listed in the opening paragraphs of the judgment. But, of course, that phrase does not stand alone. Rather, it is followed by the trial court's declaration that it is not only "a final judgment[,]" but one that "is appealable." Unlike the majority, I would conclude that the declarative statement, "it is a final judgment; and it is appealable," leaves little doubt about the trial court's intention. *See Lehmann*, 39 S.W.3d. at 206. To be sure, *Lehmann* instructed, "[a] statement like, '[t]his judgment finally

9

disposes of all parties and all claims and is appealable,' would leave no doubt about the court's intention." *Id*.

Second, in addition to finding the July 2014 order was not a final judgment, the majority also concludes that the September 2022 severance order "did not eliminate the ambiguity in the July 2014 order." The majority determines that the September 2022 order did not contain unqualified "all claims and all parties" language. But that critique only addresses *Lehmann's* finality language test without also looking at the record of the severed cause number, or cause number 5937-C. Moreover, the majority's conclusion as to the severance order disregards Supreme Court precedent holding that "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Sealy Emergency Room*, 685 S.W.3d at 820. There, the Court explained that "the lack of orders disposing of all claims and parties in an original action does not undermine the finality of orders disposing of all claims and parties in a severed one." *Id.* at 821. For the sake of argument here, even if the July 2014 order was not final (which I disagree with), it would thereafter become final due to the effect of the severance order as that was clearly the intention for severing the parties' claims into a new, distinct cause.[4]

Overall, I stand apart from the majority as I would conclude the July 2014 order was final when rendered due it its language and structure as a whole. It follows from that conclusion, then, that Appellants failed to bring a timely appeal. *See Patel v. Nations Renovations*, LLC, 661 S.W.3d 151 (Tex. 2023) ("[A] final judgment starts the clock for when a trial court loses its plenary power—its jurisdiction to revise its judgment or, with some exceptions . . . to take any other actions in the case."). Had Appellants acted promptly in appealing the trial court's denial of their motion

---

[4] In February 2023, Appellants' nonsuit of the Chesapeake Defendants from cause number 5937-C would have thereafter removed the remaining barrier, if any, to this appeal.

for new trial—wherein they claimed that all claims of all parties had been adjudicated by the July 2014 judgment—they could have established on direct appeal that the July 2014 order was erroneous for leaving some claims unresolved.[5] *See Lehmann*, 39 S.W.3d at 204 (providing that an order that grants more relief than the movant is entitled to "makes the order reversible, but not interlocutory."). As a result, the time for perfecting an appeal has long expired years ago, as the challenged order was final and appealable at the time it was rendered. Because Appellants did not file their notice of appeal challenging the July 2014 order within the required timetable, the appeal was not timely perfected from that ruling. *See* Tex. R. App. P. 26.1(a)(1) (providing that a notice of appeal must be filed within 90 days after the challenged order is signed if a party timely filed a motion for new trial); *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) ("[T]he absence of a timely notice of appeal prevents the appellate court from ever exercising jurisdiction in the first place."). And, in September 2022, because the trial court lacked plenary power over the case, its severance order then rendered was void as a matter of law. There is no basis for invoking this Court's jurisdiction. For these reasons, I concur in the judgment of dismissal, but I dissent from the Court's reasoning and, as well, from the implication of its decision.[6]

GINA M. PALAFOX, Justice

May 31, 2024

Before Alley, C.J., Palafox and Soto, JJ.

---

[5] Though timely filed, the motion for new trial was filed prematurely on July 21, 2014. It was filed by Appellants and plaintiff Magdalena Villareal. No party contests its timeliness. After 75 days, the motion was overruled by operation of law. *See* Tex. R. Civ. P. 329b(c).

[6] Appellees additionally moved for dismissal by arguing that Appellants abandoned their suit by taking no action in the trial court to protect or enforce their rights for an unreasonable period after the court rendered the July 2014 order. They contend there is no dispute that, after the July 2014 order was signed, Appellants waited until 2022 to file a motion to sever. They urge the more than eight-year delay raised a conclusive presumption of abandonment of the suit. Because I would conclude that Appellants failed to timely perfect their appeal, there would be no need to reach Appellees' alternative argument. *See* Tex. R. App. P. 47.1.