# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00498-CV

**David Lynn Johnson, Appellant**

**v.**

**Matthew David Skaggs and Cheyenne Elaine Skaggs, Appellees**

## FROM THE 33RD DISTRICT COURT OF SAN SABA COUNTY
## NO. 10,244, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

David Lynn Johnson filed a notice of appeal from the trial court's July 8, 2024 "judgment." The "judgment" that Johnson seeks to appeal from is the "Order Granting Matthew David Skaggs Motion for Partial Summary Judgment" that the trial court signed on July 8, 2024. Upon initial review, the Clerk of this Court sent the parties a letter informing them that this Court appears to lack jurisdiction over the appeal because the order Johnson seeks to appeal does not appear to be a final and appealable judgment, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).

The Clerk requested a response on or before October 7, 2024, informing this Court of any basis that exists for jurisdiction. To date, no response has been filed.

In this case, the trial court's July 8, 2024 "Order Granting Matthew David Skaggs Motion for Partial Summary Judgment" grants appellee Matthew David Skaggs's motion for partial summary judgment on his claim seeking to terminate Johnson's parental rights, but it does not dispose of Skaggs's adoption claim or of the claims of intervenor Carolyn Johnson. An order granting a partial summary judgment that does not resolve all claims of all parties is not an appealable interlocutory order. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of partial summary judgment).

There are a few ways for a trial court's order to become a final judgment without a trial. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024). A trial court's order is final if it (1) actually disposes of all remaining parties and claims then before the court (regardless of whether it includes unequivocal finality language), or (2) includes unequivocal finality language that expressly disposes of all claims and parties. *Id.* (citing *Lehmann*, 39 S.W.3d at 200); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (concluding default judgment that did not purport to dispose of all parties and all claims, did not actually dispose of punitive-damages claim, and lacked unequivocal finality language was not final and appealable judgment); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) ("Because the judgment does not appear final on its face, and because it

2

did not dispose of the defendants' claim for attorney fees, it was not an appealable judgment."). In addition, "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Sealy Emergency Room*, 685 S.W.3d at 820 (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)). None of those circumstances are present here, and accordingly, the partial summary judgment is not yet final and appealable. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

For the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: October 18, 2024

3