# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00544-CV

---

**Christine Marie Richey, Individually and as Trustee of the Sherrell J. Pflueger Revocable Trust, Appellant**

**v.**

**Christopher Brouse, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-22-000508, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellant Christine Marie Richey appeals the probate court's order granting appellee Christopher Brouse's motion for partial summary judgment and removing Richey from serving as trustee of her brother's Trust. We will dismiss the appeal for want of jurisdiction to the extent it challenges the probate court's order denying Richey's special appearance and affirm the probate court's order granting Brouse's motion for partial summary judgment and removing Richey as trustee.

### BACKGROUND

Richey's mother Sherrell J. Pflueger created the Sherrell J. Pflueger Revocable Trust (the Trust) in 2002 to provide for the special needs of her son and Richey's brother, Kirk Pflueger. Kirk has a mental disability and a seizure disorder that requires day-to-day care.

The Trust agreement provides "special needs" limitations and distribution standards to supplement Kirk's needs while maintaining maximum eligibility for governmental assistance. Upon Sherrell's death in 2015, Richey took over as trustee of the Trust. The Trust agreement named Brouse as first successor trustee and his brother, Aaron, as second, should Richey be "unable or unwilling" to serve as trustee. Around 2022, Brouse became aware that Richey was using Trust funds for purposes other than for Kirk's benefit, including payment to Richey's divorce attorney, donations to a YouTube preacher, travel expenses, rent, and a personal vehicle for herself. In addition, Brouse alleged that Richey removed Kirk from his longtime home in St. Louis, Missouri, and moved him to New Mexico, where Richey did not live permanently but visited frequently. At the time of the suit, Richey lived in Austin but was away for long periods of time.

As a result of Richey's actions, Brouse filed suit against her in Travis County in 2022, alleging that she was breaching her fiduciary duties as trustee and that, as a result, Kirk's remaining funds were in jeopardy. Brouse sought removal of Richey as trustee, damages, and attorney's fees. The petition also sought temporary injunctive relief to prevent depletion of the Trust's funds. Richey, who was originally represented by counsel, filed a special appearance in lieu of an answer, arguing that she resided and was domiciled in New Mexico, and thus was not subject to personal jurisdiction in Texas. After a hearing, the probate court denied Richey's special appearance.[1] Brouse then moved for partial summary judgment on his breach-of-fiduciary-duty claim and sought removal of Richey as trustee under Section 113.082(a) of the Property Code. *See* Tex. Prop. Code § 113.082(a) (providing grounds for removal of trustee and denial of trustee's

---

[1] Richey appealed the interlocutory order to this Court, which dismissed it for failure to prosecute. *See Richey v. Brouse*, No. 03-22-00409-CV, 2023 WL 307479 (Tex. App.—Austin Jan. 19, 2023, no pet.) (mem. op.).

compensation). At this point, Richey was proceeding pro se and did not attend the hearing on Brouse's motion, nor did she file a response.[2]

After the hearing, on August 29, 2023, the probate court entered an order granting Brouse's motion for partial summary judgment, removing Richey as trustee based on her breaches of fiduciary duty. The probate court discharged the court-appointed interim trustee and, in accordance with the terms of the Trust, ordered that Brouse be named acting trustee as Richey's successor. The court then severed the partial summary judgment and removal order from the remaining issues in the case, rendering the order final and appealable. Richey then filed this appeal, specifically limiting her challenges to findings in the probate court's August 29, 2023 order.

**ANALYSIS**

Richey's brief raises several issues, including personal jurisdiction, venue, the legality of service, the propriety of a temporary restraining order, the exclusion of certain summary judgment evidence, and the "sequestration" of Kirk's property. Brouse asserts that our jurisdiction is limited to the judgment or order specifically identified in Richey's notice of appeal, and that, to the extent we review Richey's issues, we must limit our review to those issues alone.[3] *See* Tex.

---

[2] Richey did, however, file fourteen motions on a variety of topics, which the probate court denied at the hearing on the motion for partial summary judgment.

[3] Brouse argues that we are unable to review these issues because Richey's brief does not contain a single reference to the clerk's or reporter's record, thus constituting briefing waiver. *See* Tex. R. App. 38.1, we decline to consider Richey's issues waived because we recognize our duty to reach the merits of appeals whenever possible. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) ("In considering assertions that claims have been waived, we have urged courts of appeals, and reminded ourselves, to construe briefing 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver.'"); *see also Moore v. Brown*, 408 S.W.3d 423, 431 n.10 (Tex. App.—Austin 2013, pet. denied) ("Although

R. App. P. 25.1(b). We agree with Brouse and note that most of Richey's appellate issues are unrelated to the order Richey appeals: the probate court's August 29, 2023 order granting Brouse's motion for partial summary judgment and severing the remaining claims. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024) ("[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final") (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)). With this standard in mind, we broadly construe Richey's appealable issues as follows: (1) Brouse lacked standing to file suit, (2) the probate court did not establish personal jurisdiction over Richey due to unexecuted service of process, and (3) the probate court erred by granting Brouse's motion for partial summary judgment and removing her as trustee.

### 1. *Whether Brouse had standing to file suit*

Richey argues that Brouse lacked standing to sue her and seek her removal as trustee. We disagree. Although Richey frames this issue in terms of standing, we note that the proper focus is whether Brouse fell within the category of people authorized to sue. *See Berry v. Berry*, 646 S.W.3d 516, 527–29 (Tex. 2022) (distinguishing between "standing" as used in "proper, jurisdictional sense" and "standing" as applied to statutory-interpretation question of whether certain individuals fall within group of people authorized to sue). Brouse's original petition sought removal of Richey as trustee based on Richey's alleged breaches of her fiduciary

---

certain portions of the [appellants'] briefing are somewhat truncated or oblique, we can nonetheless discern the basic substance of their complaints and the legal authorities on which they rely.").

4

duty. The Trust agreement, which Brouse attached to his petition, provided that Brouse was to serve as the first successor trustee in the event Richey was "unable or unwilling" to serve. Thus, Brouse has two independent bases to bring suit against Richey: first, he has standing as a contingent beneficiary named in the Trust agreement, and second, as an interested person under Subsection 113.082(a) of the Property Code. *See* Tex. Prop. Code §§ 113.082(a) ("A trustee may be removed . . . on the petition of an interested person"), 115.011(a) (providing that interested person may bring action against trustee), 111.004(7) (defining "interested person" as "a trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust"). Accordingly, we conclude that Brouse falls within the categories of individuals statutorily authorized to sue and seek Richey's removal by virtue of his status as a trustee and contingent beneficiary. *See Berry*, 646 S.W.3d at 527–29. We overrule Richey's first issue.

2. *Whether the probate court properly exercised personal jurisdiction over Richey*

Richey argues that the court lacked personal jurisdiction over her because she did not reside in Texas when the suit was filed. She argues that she has resided in New Mexico for the last thirty years and that she is domiciled there, and that all attempts to serve her with process were returned "unexecuted."

Richey first challenged the court's personal jurisdiction in her special appearance. After the probate court denied the special appearance, Richey appealed to this Court, but failed to prosecute her appeal. *See Richey v. Brouse*, No. 03-22-00409-CV, 2023 WL 307479 (Tex. App.— Austin Jan. 19, 2023, no pet.) (mem. op.). Nevertheless, she challenges the probate court's personal jurisdiction over her, seemingly alluding to the probate court's order denying her special

appearance. However, we note that Richey's notice of appeal in this cause specifically states that she is appealing the order granting Brouse's motion for summary judgment, not the order denying her special appearance. Because Richey specifically sought appellate review of this order only, she is precluded from appealing from the order denying her special appearance. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties *to the trial court's judgment or order appealed from*.") (emphasis added). Thus, pursuant to our appellate rules, to the extent Richey's appeal challenges the probate court's denial of her special appearance, we dismiss this portion of the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.1(b), 42.3(a).

3. *Whether the probate court erred in granting Brouse's motion for partial summary judgment*

Richey next argues that the probate court erred in granting Brouse's motion for partial summary judgment on his claims for breach of contract and breach of fiduciary duty.[4]

Once a movant has proved it is entitled to summary judgment as a matter of law, the burden shifts to the nonmovant to expressly present to the trial court any issues or evidence that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). An issue is "expressly" presented if the nonmovant's written answer or response to the motion for summary judgment fairly appraises the trial court and movant of the issues the

---

[4] Richey also argues that the probate court "improperly excluded [Richey's] Prima Facie evidence under Tex. R. Evid. 20b(2), c(2), e . . . " While this directly relates to the only appealable order in this cause, we are unable to adequately discern Richey's argument and thus consider it waived. *See Harrison v. Reiner*, 607 S.W.3d 450, 465 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (requirement to construe briefs liberally "so as to avoid disposing of issues without reaching the merits when possible" was not possible where appellant's brief presented "complete dearth of applicable argument" in support of appellate issues, leading to waiver due to inadequate briefing).

nonmovant believes should defeat summary judgment. *See Tello v. Bank One, N.A.,* 218 S.W.3d 109, 119 (Tex. App.—Houston [14th Dist.] 2007, no pet.). If the nonmovant fails to meet the burden, then the nonmovant cannot urge that issue as a ground for reversing summary judgment on appeal. *City of Houston,* 589 S.W.2d at 678. The nonmovant's failure to file a response to the motion for summary judgment "does not supply by default the summary judgment proof necessary to establish the movant's right" to summary judgment, but instead limits the nonmovant on appeal to arguing the legal sufficiency of the grounds presented by movant. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston*, 589 S.W.2d at 678 ("While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment.").

Here, Richey did not file a response to Brouse's motion for partial summary judgment. Instead, after the hearing on the motion was set, Richey filed a list of "objections" with the probate court, including a challenge to venue in Travis County, a challenge to the probate court's exercise of personal jurisdiction over her, and general, conclusory objections to Brouse's motion for partial summary judgment.[5] We cannot conclude that these conclusory statements "apprise[d] the [probate] court of the relevant issues" that Richey believed should defeat Brouse's motion for partial summary judgment and thus we conclude that they do not constitute a valid

---

[5] *E.g.*, "Defendant objects to Plaintiff's mischaracterization about the law, the evidence, or the truth of any matter . . . Defendant objects to Plaintiff's misapplication of any law to the evidence . . . Defendant objects to Plaintiff's Partial Summary Judgment to the extent that his claim is now materially different from what Plaintiff has alleged in his Original Petition . . . Defendant objects to Plaintiff's erroneous legal implications that a fiduciary relationship exists with breached [sic] and by misuse of confidential information . . .").

response. But even assuming Richey's filing did constitute a response to Brouse's motion for summary judgment, on appeal, she has not provided arguments, authorities, or citations to the record supporting her general argument that summary judgment should be reversed and has thus waived this issue on appeal. *See* Tex. R. App. P. 38.1(i); *Housing Auth. of City of Austin v. Elbendary*, 581 S.W.3d 488, 491 n.1 (Tex. App.—Austin 2019, no pet.) (noting that this Court "construe[s] pro se filings liberally and with patience 'so as to obtain a just, fair and equitable adjudication of the parties' rights,'" but that "pro se litigants must comply with the same rules and standards as those represented by attorneys").

Therefore, because Richey failed to challenge Brouse's motion in the probate court, she is limited to an evidentiary sufficiency challenge on appeal. *See McConnell*, 858 S.W.2d at 343. However, Richey's opening brief does not attack the sufficiency of the proof supporting the partial summary judgment.[6] As a result, that issue has been waived on appeal. *See Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *2 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (failure to attack sufficiency of proof supporting summary judgment on appeal results in waiver of that issue). We overrule this issue.

---

[6] We note that, in her reply brief, Richey states she "request[s] a Legal Sufficiency Review." Despite using this language, however, the reply brief does not substantively challenge the sufficiency of the grounds presented in Brouse's motion for partial summary judgment. Even if it did, we may not consider new issues raised for the first time in a reply brief. *See In re K.K.W.*, No. 05-16-00795-CV, 2018 WL 3968475, at *11 (Tex. App.—Dallas Aug. 20, 2018, pet. denied) (mem. op.) (reply brief cannot be used to challenge ground for summary judgment not challenged in party's brief on merits).

**CONCLUSION**

We dismiss for want of jurisdiction Richey's appeal to the extent it challenges the probate court's order denying her special appearance. We overrule Richey's remaining issues and affirm the probate court's August 29, 2023 order. All pending motions are dismissed as moot.

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed in Part; Dismissed for Want of Jurisdiction in Part

Filed:   December 20, 2024