# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00353-CV

**Tyrell L. Higgins, Appellant**

**v.**

**Kevin L. Veteto, Appellee**

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-005951, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tyrell L. Higgins filed a notice of appeal from the trial court's April 30, 2024 "Order Denying Defendant's Motion to Set Aside Default Judgement." Upon initial review, the Clerk of this Court sent Higgins a letter informing him that this Court appears to lack jurisdiction over the appeal because neither the trial court's April 30, 2024 Order nor the March 21, 2024 "Order Granting Plaintiff's Motion for Traditional Summary Judgment" that Higgins sought to set aside appear to be a final and appealable judgment, and our jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeal generally may only be taken from final judgment that disposes of all pending parties and claims in record unless statute provides for interlocutory appeal).

The Clerk requested a response on or before July 25, 2024, informing this Court of any basis that exists for jurisdiction. To date, no response has been filed.

In this case, the trial court's March 21, 2024 "Order Granting Plaintiff's Motion for Traditional Summary Judgment" grants appellee Kevin L. Veteto's motion for summary judgment and awards damages, but it specifically states that the amount of attorneys' fees awarded is "to be determined by the Court at a later date." Similarly, the April 30, 2024 order denying Higgins's motion to set aside default judgment does not award attorneys' fees in connection with the summary judgment; instead, it awards additional attorneys' fees to Veteto incurred in responding to Higgins's motion to set aside but leaves unresolved the amount of fees awarded. An order granting a partial summary judgment that does not resolve all claims is not an appealable interlocutory order. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction."); *see also* Tex. Civ. Prac. & Rem. Code § 51.014 (specifically permitting appeal of various interlocutory orders but not permitting appeal from grant of partial summary judgment).

There are a few ways for a trial court's order to become a final judgment without a trial. *See Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024). A trial court's order is final if it (1) actually disposes of all remaining parties and claims then before the court (regardless of whether it includes unequivocal finality language), or (2) includes unequivocal finality language that expressly disposes of all claims and parties. *Id.* (citing *Lehmann*, 39 S.W.3d at 200); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (concluding default judgment that did not purport to dispose of all parties and all

claims, did not actually dispose of punitive-damages claim, and lacked unequivocal finality language was not final and appealable judgment); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) ("Because the judgment does not appear final on its face, and because it did not dispose of the defendants' claim for attorney fees, it was not an appealable judgment."). In addition, "[a]s a rule, the severance of an interlocutory judgment into a separate cause makes it final." *Sealy Emergency Room*, 685 S.W.3d at 820 (quoting *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001)). None of those circumstances are present here, and accordingly, the partial summary judgment is not yet final and appealable. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020) ("When a trial court renders a final judgment, the court's interlocutory orders merge into the judgment and may be challenged by appealing that judgment.").

For the reasons explained above, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 31, 2024